841 P.2d 198

CARDON, an Arizona general partnership, f/k/a Cardon Oil Co., an Arizona general partnership; Wilford A. Cardon and Phyllis R. Cardon, husband and wife; Elijah A. Cardon and Marjorie Kay Cardon, husband and wife; Craig A. Cardon and Jane Doe Cardon, husband and wife, Petitioners,

v.

COTTON LANE HOLDINGS, INC., an Arizona Corporation, Respondent and Real Party in Interest,

The Honorable I. Sylvan Brown, Judge of the Superior Court of Maricopa County; the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondents.

No. CV–92–0022–SA.

Supreme Court of Arizona.

Sept. 24, 1992.

Beus, Gilbert & Morrill by David V. Sanderson, Sara J. Vance, and Law Offices of Neil Vincent Wake by Neil Vincent Wake, Robert C. Van Voorhees, Phoenix, for petitioners.

Gammage & Burnham by Richard K. Mahrle, Phoenix, for respondent and real party in interest.

## OPINION

CORCORAN, Justice.

Petitioners, Cardon, formerly known as Cardon Oil Co., Wilford A. Cardon, Phyllis R. Cardon, Elijah A. Cardon, Marjorie Kay Cardon, Craig A. Cardon and Jane Doe Cardon (collectively Cardon), filed this special action seeking review of the trial court's denial of Cardon's motion for summary judgment in a deficiency judgment action brought against Cardon by Respondent Cotton Lane Holdings, Inc. Cardon contends that, as a matter of law, Cotton Lane is not entitled to a deficiency judgment because California law, which does not permit a deficiency judgment following a trustee's sale, governs this case. We accepted jurisdiction of this special action because the trial court incorrectly ruled that Cotton Lane may pursue a deficiency

judgment against Cardon, and because Cardon would not have an adequate remedy on appeal.[1]

We have jurisdiction under Ariz. Const. art. 6, § 5(3), and Rule 8, Arizona Rules of Procedure for Special Actions.

## FACTS AND PROCEDURAL HISTORY

In 1984 and 1985, Petitioner Wilford A. Cardon (Mr. Cardon) made several trips to Los Angeles, California to negotiate a loan for Cardon Oil Co. from Imperial Bank of Commerce (Imperial Bank), a bank chartered in Canada. On these occasions, Mr. Cardon negotiated with the general manager of the Los Angeles office of the San Francisco Agency of Imperial Bank. Imperial Bank agreed to loan Cardon Oil Co. $10 million, and the bank's attorneys drafted a Revolving Credit Agreement (Credit Agreement) and a Revolving Note (Note) evidencing the loan. Imperial Bank's attorneys also drafted a Deed of Trust with Assignment of Rents (Deed of Trust) on approximately 1,000 acres of real property located in Maricopa County, Arizona as security for the Note. The Credit Agreement and the Note contain California choice of law clauses; the Deed of Trust contains an Arizona choice of law clause, as well as a clause stating that the terms of the Credit Agreement control any conflict between the terms of the Deed of Trust and the terms of the Credit Agreement. These provisions underlie the dispute in this case.

Cardon Oil Co. made loan payments to Imperial Bank's Los Angeles office for almost 4 years. Cardon defaulted on the Note in early 1989, and the real property subject to the Deed of Trust was later sold at a trustee's sale. Cotton Lane, as assignee of the Note and Imperial Bank's interest in the Deed of Trust, purchased the property with a credit bid. Cotton Lane then filed an action in Maricopa County Superior Court seeking a deficiency judgment against Cardon for approximately $4.4 million. Cardon filed a motion for summary judgment, claiming that California law gov-

---

1. We discuss our acceptance of jurisdiction at the end of this opinion because our resolution of the substantive issue in this case sheds light on the special action jurisdiction issue.

erned the action and California law prohibited a deficiency judgment. The trial court denied the motion, ruling that Arizona law governs the deficiency action and that, under Arizona law, Cotton Lane is entitled to pursue a deficiency judgment.

■ Approximately 4 months after the trial court's ruling, Cardon sought special action relief in the court of appeals. The court of appeals declined jurisdiction. Cardon then filed a petition for special action in this court. We accepted jurisdiction.[2]

## DISCUSSION

The issue we must decide is whether Arizona law or California law applies to Cotton Lane's deficiency judgment action against Cardon. If Arizona law applies, Cotton Lane may pursue a deficiency judgment against Cardon; if California law applies, summary judgment must be granted in favor of Cardon.

### A. *Arizona and California Deficiency Judgment Laws Conflict*

Under both Arizona and California law, the trustee of a deed of trust may, after a default, either sell the trust property at a trustee's sale or pursue a judicial foreclosure on the trust property. *See* A.R.S. § 33–807 (authorizing trustee's sale or judicial foreclosure under deed of trust); Cal. Civ.Proc.Code § 725a (West 1976 & Supp. 1992) (authorizing judicial foreclosure under deed of trust); *Coppola v. Superior Court,* 211 Cal.App.3d 848, 866, 259 Cal. Rptr. 811, 819 (1989) (creditor may enforce

debt secured by deed of trust by conducting private trustee's sale, initiating action for judicial foreclosure, or suing for personal judgment in amount of debt). However, Arizona law and California law differ regarding the right to pursue a deficiency judgment following a trustee's sale. Under A.R.S. § 33–814(A),

> within ninety days after the date of sale of trust property under a trust deed pursuant to [the power of sale in the trust deed], an action may be maintained to recover a deficiency judgment against any person directly, indirectly or contingently liable on the contract for which the trust deed was given as security.... In any such action against such a person, the deficiency judgment shall be for an amount equal to the sum of the total amount owed the beneficiary as of the date of the sale ... less the fair market value of the trust property on the date of the sale ... or the sale price at the trustee's sale, whichever is higher.[3]

Under Cal.Civ.Proc.Code § 580d (West 1976 & Supp.1992), however,

> [n]o judgment shall be rendered for any deficiency upon a note secured by a deed of trust ... upon real property ... in any case in which the real property has been sold by the ... trustee under power of sale contained in ... [the] deed of trust.

*See also United States v. Haddon Haciendas Co.,* 541 F.2d 777, 781 (9th Cir.1976) (California law prohibits a deficiency judgment following foreclosure by non-judicial sale).[4] Because the trustee in this case did

---

2. We note that the parties did not request this court to grant a stay of proceedings pursuant to Rule 5, Arizona Rules of Procedure for Special Actions, because they voluntarily agreed to a stay pending our resolution of this special action. Such initiative and cooperation on the part of litigants is appreciated and welcomed by this court.

We further note that pursuant to Rule 8(b), Arizona Rules of Procedure for Special Actions, Cardon should have filed a petition for review rather than a petition for special action. "[A] petition for review normally is the proper and most efficient method to seek this court's review of the court of appeals' grant or denial of special action relief." *State ex rel. Neely v. Superior Court,* 168 Ariz. 469, 471 n. 1, 815 P.2d 396, 398 n. 1 (1991).

3. This right to a deficiency judgment after a trustee's sale exists unless (1) the deed of trust expressly prohibits recovery of a deficiency, or (2) the trust property is two and one-half acres or less and is utilized for either a single one-family or a single two-family dwelling. A.R.S. § 33–814(F), (G). Neither exception applies in this case.

4. "The purpose of [§] 580d is to put judicial enforcement on a parity with private enforcement: barring a deficiency judgment after a private sale encourages realistic credit bids in the same way that allowing redemption from judicial sales does." *Haddon Haciendas Co.,* 541 F.2d at 782, *quoting Roseleaf Corp. v. Chierighino,* 59 Cal.2d 35, 43–44, 27 Cal.Rptr. 873, 878, 378 P.2d 97, 102 (1963).

not pursue a judicial foreclosure but sold the trust property at a trustee's sale, Cotton Lane's right to pursue a deficiency judgment against Cardon depends upon whether Arizona law or California law applies to Cotton Lane's deficiency action.

### B. California Law Governs This Case

■ To determine whether Arizona or California law governs this case, we must first decide whether Cotton Lane's deficiency action is a procedural matter or a substantive matter. Procedural matters are generally governed by the law of the forum state, *Restatement (Second) of Conflict of Laws* § 122 (1971) (*Restatement*), whereas substantive matters are governed by "the law of the jurisdiction to which the court is referred by the choice-of-law rules of the forum." Annotation, *Conflict of Laws As to Application of Statute Proscribing or Limiting Availability of Action for Deficiency After Sale of Collateral Real Estate*, 44 A.L.R.3d 922, 925 (1972).

### 1. A Deficiency Judgment Action is a Substantive Matter

Cotton Lane takes the position that because a trustee's sale held in Arizona is conducted in accordance with the procedures mandated by Arizona statute, the pursuit of a deficiency judgment after a trustee's sale is also a procedural matter governed by Arizona law. Once Arizona foreclosure procedure is invoked for a trustee's sale, "all aspects of the foreclosure provided for in the statutes should be applied," including the right to pursue a deficiency judgment. We disagree.

■ Cotton Lane is correct that the trustee's sale itself is a procedural matter and is governed by the law of the situs. *See Restatement* § 229; *California Fed. Sav. & Loan Ass'n v. Bell*, 6 Haw.App. 597, 735 P.2d 499, 504 (1987); *Gate City Fed. Sav. & Loan Ass'n v. O'Connor*, 410 N.W.2d 448, 450 (Minn.App.1987). The situs in this case is Arizona, and the trustee's sale was conducted correctly in accordance with Arizona law. A deficiency judgment, on the other hand, is a matter of substantive law. *Greater Ariz. Sav. & Loan Ass'n v. Gleeson*, 5 Ariz.App. 577,

582, 429 P.2d 464, 469 (1967) (Hardy, J., dissenting in part), *citing Kresos v. White*, 47 Ariz. 175, 54 P.2d 800 (1936); *Citibank v. Errico*, 251 N.J.Super. 236, 597 A.2d 1091, 1094 (1991); *Gate City*, 410 N.W.2d at 450; *see also Catchpole v. Narramore*, 102 Ariz. 248, 250, 428 P.2d 105, 107 (1967) (California anti-deficiency statute is substantive). As a substantive matter, a deficiency action is governed by Arizona choice of law rules, and in *Schwartz v. Schwartz*, 103 Ariz. 562, 565, 447 P.2d 254, 257 (1968), this court expressly adopted the *Restatement (Second) of Conflict of Laws* as our guide in resolving choice of law questions. *See also Estate of Levine*, 145 Ariz. 185, 189, 700 P.2d 883, 887 (App.1985) (Arizona courts follow *Restatement* to determine choice of law questions in contract actions), *citing Burr v. Renewal Guaranty Corp.*, 105 Ariz. 549, 468 P.2d 576 (1970); Herma Hill Kay, *Theory into Practice: Choice of Law in the Courts*, 34 Mercer L.Rev. 521, 556 & n. 223 (1983) (as of 1983, Arizona one of 14 states relying on *Restatement* in choice of law cases). The *Restatement* states that a deficiency action is governed by the law applicable to the *underlying debt* (*i.e.*, the Note), not the law of the situs. *Restatement* § 229 comment e; *see also Catchpole*, 102 Ariz. at 251, 428 P.2d at 108; *Consolidated Capital Income Trust v. Khaloghli*, 183 Cal.App.3d 107, 111–12, 227 Cal.Rptr. 879, 882 (1986); *First Commerce Realty Investors v. K–F Land Co.*, 617 S.W.2d 806, 809 (Tex.Civ.App. 1981). *Cf. Mid Kansas Fed. Sav. & Loan Ass'n v. Dynamic Dev. Corp.*, 167 Ariz. 122, 129, 804 P.2d 1310, 1317 (1991) (if deed of trust holder purchases property at trustee's sale, its interest in deed of trust merges in the fee and deed of trust no longer exists). Therefore, Cotton Lane's deficiency action is governed by the law applicable to the Note.

Cotton Lane cites *Bell*, 735 P.2d 499, for the proposition that the law of the situs of the land should govern a deficiency judgment. In that case, the Hawaii Court of Appeals applied the law of the situs, Hawaii, despite the fact that California law governed the debt. However, *Bell* is not

persuasive authority because it involved an action to enforce an executory agreement for the sale of real property; it did not involve a deed of trust given as security for a loan. Moreover, the land contract at issue in that case expressly provided that the seller would be entitled to a deficiency in the event of a default.

The trial court ruled that Cotton Lane's deficiency judgment action was governed by the law applicable to the Deed of Trust, which it found, without explanation, to be Arizona law. We agree that the procedure for conducting a trustee's sale pursuant to a deed of trust is governed by Arizona law. However, in light of the *Restatement* rule that a deficiency action is determined by the law governing the debt, the trial court clearly erred. We now turn to the question of what law governs the underlying debt (the Note) in this case.

### 2. California Law Governs the Note

■ In Arizona, courts follow the *Restatement* to determine which state's law applies in a contract action. *Estate of Levine,* 145 Ariz. at 189, 700 P.2d at 887. The *Restatement* provides that the parties' choice of law applies if the parties could have resolved explicitly a particular issue in their contract. *Restatement* § 187(1). If the parties could not have resolved a particular issue in their contract, their choice of law applies unless (1) the chosen state has no relationship to the parties and the transaction, or (2) the application of the chosen state's law would violate a fundamental policy of the forum state. *Restatement* § 187(2); *Estate of Levine,* 145 Ariz. at 189, 700 P.2d at 887. In the absence of an explicit choice of law by the parties, the contractual rights and duties of the parties are determined by the local law of the state having the most significant relationship to the parties and the transaction. *Restatement* § 188. Therefore, we must first determine whether the parties specifically chose the law to govern their contractual rights and duties.

#### a. The Parties Chose California Law

As noted above, both the Credit Agreement and the Note in this case contain explicit California choice of law provisions. The Credit Agreement states:

> This Agreement and the Note shall be governed by and interpreted in accordance with the laws of the State of California.

The Note states:

> This Note is to be construed according to the laws of California.

The Deed of Trust, on the other hand, contains both an Arizona choice of law clause and a conflicts clause. The conflicts clause states that

> [i]n the event of any conflicts between the terms of this Deed of Trust and the terms of the Credit Agreement, the terms of the Credit Agreement will control.

■ Cotton Lane argues that the conflicting choice of law provisions of the Credit Agreement, Note and Deed of Trust make the contract ambiguous, and it is thus impossible to determine the intent of the parties. We disagree. A contract must be construed in its entirety and in such a way that every part is given effect. *Phillips v. Flowing Wells Unified School Dist.,* 137 Ariz. 192, 193, 669 P.2d 969, 970 (App.1983). Moreover, "[l]anguage used in a contract is ambiguous only when it can reasonably be construed to have more than one meaning." *Id.* Examining the Credit Agreement, Note and Deed of Trust as a whole, the only reasonable conclusion is that California law governs the contract. Although the Deed of Trust states that it is governed by Arizona law, the conflicts provision in the Deed of Trust effectively negates any ambiguity raised by the Arizona choice of law clause.

■ Furthermore, when interpreting a contract, this court "must ascertain and give effect" to the parties' intentions. *Polk v. Koerner,* 111 Ariz. 493, 495, 533 P.2d 660, 662 (1975). Both parties to this contract had extensive business experience in transactions of this nature, and the provisions at issue were drafted by Imperial Bank's attorneys. If the contract were ambiguous, the ambiguity would be resolved in favor of Cardon. *See Polk,* 111

208

Ariz. at 495, 533 P.2d at 662. We therefore hold, without hesitation, that the parties intended that California law govern their contractual rights and duties.

### b. The Parties' Choice of California Law is Effective

If the parties to a contract expressly choose the law governing their contract, as the parties did in this case, their choice of law will be honored if the requirements of *Restatement* § 187 are met. This section states:

(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

. . . .

5. Under *Restatement* § 188, the following factors are evaluated to determine which state's law is applicable: the place of contracting; the place of negotiation of the contract; the place of performance; the location of the subject matter of the contract; and the domicile, residence, nationality, place of incorporation and place of business of the parties.

6. We note, however, that under California law, the parties could not have agreed to *allow* Imperial Bank to pursue a deficiency judgment after a trustee's sale because a debtor may not prospectively waive the protection of Cal.Civ.Proc.

Under *Restatement* § 187(1), the parties' choice of California law is valid and effective if the parties could have contractually prohibited a deficiency judgment. A court usually applies the "local law of the state selected by application of the rule of § 188"[5] to determine whether the parties could have resolved a particular issue by explicit agreement. *Restatement* § 187 comment c. We need not complete a § 188 exercise here, however, because the parties could have contractually prohibited a default judgment under both Arizona and California law. *See Restatement* § 187 comment c (no need to determine which state's law applies if issue "would be decided the same way by the relevant local law rules of all the potentially interested states"). Because Imperial Bank (and thus Cotton Lane, as assignee of Imperial Bank's interest in the deed of trust) is statutorily prohibited from obtaining a deficiency judgment after a trustee's sale under Cal.Civ.Proc.Code § 580d (West 1976 & Supp.1992), the parties certainly could have agreed, without violating California law, that Imperial Bank would forego a deficiency judgment after a trustee's sale.[6] In addition, Imperial Bank could have agreed to forego its right to a deficiency judgment under Arizona law pursuant to A.R.S. § 33–814(F).[7]

Because the parties could have explicitly agreed that Imperial Bank could not pursue a deficiency judgment after a trustee's sale, the parties' choice of California law to govern their agreement is valid under *Restatement* § 187(1).

Cotton Lane cites several cases for the proposition that, under § 187(2)(a), California has no substantial relationship to the

Code § 580d. *Freedland v. Greco*, 45 Cal.2d 462, 466, 289 P.2d 463, 465 (1955) (allowing debtor to waive protection of anti-deficiency statute would violate public policy).

7. A.R.S. § 33–814(F) states:

A deed of trust may, by express language, validly prohibit the recovery of any balance due after trust property is sold pursuant to the trustee's power of sale, or the trust deed is foreclosed in the manner provided by law for the foreclosure of mortgages on real property.

parties or the transaction, and therefore the parties' choice of California law is ineffective. We need not address this argument because we have determined that we will honor an explicit choice of law which is effective under § 187(1).

Cotton Lane further argues that "enforcement here of California's anti-deficiency legislation, which serves to protect California citizens, directly violates Arizona public policy ... [that] finds its voice in A.R.S. § 33–814, which expressly allows for deficiency actions in this state." We do not agree with Cotton Lane's analysis of Arizona's public policy regarding deficiency judgments. The legislature has explicitly provided parties to a deed of trust with the option of contractually prohibiting the recovery of a deficiency judgment after a trustee's sale. A.R.S. § 33–814(F) states:

> A deed of trust may, by express language, validly prohibit the recovery of any balance due after trust property is sold pursuant to the trustee's power of sale, or the trust deed is foreclosed in the manner provided by law for the. foreclosure of mortgages on real property.

Given this legislation, there is obviously no "strong public policy" favoring deficiency judgments in Arizona.

The parties' choice of California law is effective pursuant to § 187(1), and the application of California law in this case would not violate fundamental Arizona public policy. The parties' choice of California law is valid, and we will apply California law to this case.

### C. *California Law Bars a Deficiency Judgment in This Case*

■ As we previously noted, Cal.Civ. Proc.Code § 580d prohibits a deficiency judgment "upon a note secured by a deed of trust ... in any case in which the real property has been sold by the ... trustee under power of sale contained in ... [the] deed of trust." Cotton Lane contends that this statute does not apply to this case, however, because "[t]he 'judgment' referred to in Code of Civil Procedure sections 580b and 580d refers only to a judgment rendered in [California] and not to a

judgment pursued in a state allowing deficiencies following foreclosure sales." *Kerivan v. Title Ins. & Trust Co.,* 147 Cal. App.3d 225, 231, 195 Cal.Rptr. 53, 57 (1983). We are surprised that Cotton Lane raises this argument here because counsel for Cotton Lane conceded at oral argument in the court of appeals that California law does indeed prevent the collection of a deficiency judgment in this case.

Nevertheless, we have reviewed *Kerivan,* and we find it to be inapposite. *Kerivan* involved a note with a Colorado choice of law provision and a deed of trust on California property with a California choice of law provision. A Colorado court applied *Colorado* law and granted a deficiency judgment. Subsequently, the California Court of Appeals in *Kerivan* held that California law did not bar the deficiency *allowed by Colorado law.* Moreover, the *Kerivan* court stated in dicta that no deficiency judgment would be appropriate "if the trial court ascertained that [the] note and the deed of trust were to be construed under the laws of [California]...." 147 Cal.App.3d at 231, 195 Cal.Rptr. at 57. Thus, *Kerivan* does not support Cotton Lane's argument that California law does not prohibit a deficiency judgment in this case, and we have found no other case supporting Cotton Lane's theory. In fact, this court has previously determined that if a California anti-deficiency statute is applicable, it bars the recovery of a deficiency judgment in an Arizona court. *See Catchpole v. Narramore,* 102 Ariz. 248, 251, 428 P.2d 105, 108 (1967) (applying Cal.Civ.Proc. Code § 580b, which prohibits deficiency judgment after sale of real property subject to purchase money deed of trust); *see also, generally, Baker v. Gardner,* 160 Ariz. 98, 102–03, 770 P.2d 766, 770–71 (1988) (interpreting California anti-deficiency statute § 580b).

Cotton Lane's deficiency judgment action is barred by California law.

### JURISDICTION

■ In *Orme School v. Reeves,* 166 Ariz. 301, 302, 802 P.2d 1000, 1001 (1990), this court stated that appellate courts

should refuse jurisdiction of special action proceedings requesting review of a trial court's *denial* of a motion for summary judgment in all but the most exceptional cases. We accepted jurisdiction in this special action because we believe it is an "exceptional" case illustrating the rule established in *Orme School.*

First, the issue in this case is purely a question of law. *See Orme School,* 166 Ariz. at 303, 802 P.2d at 1002 (jurisdiction accepted because question presented was one of pure law). Second, as evidenced by our discussion of the deficiency judgment issue, the trial court incorrectly held that Cotton Lane's deficiency action was a procedural issue governed by Arizona law. *See Cravens, Dargan & Co. v. Superior Court,* 153 Ariz. 474, 477, 737 P.2d 1373, 1376 (1987) (special action relief granted when question presented is one of pure law and there is no justification for trial court's action). Third, our decision in this case terminates the deficiency judgment litigation, eliminates the necessity of any future appeals, and spares the parties and the judicial system unnecessary time and expense. *See Aetna Cas. & Surety Co. v. Superior Court,* 161 Ariz. 437, 439–40, 778 P.2d 1333, 1335–36 (App.1989) (jurisdiction accepted if issue presented is purely legal and decision terminates the litigation).

■ Finally, and most importantly, we do not believe that Cardon could obtain justice by any other means, including appeal. *See* Ariz. Const. art. 6, § 5(4) (supreme court has jurisdiction over special action if there is no plain, speedy or adequate remedy by appeal); *Summerfield v. Superior Court,* 144 Ariz. 467, 469, 698 P.2d 712, 714 (1985) (jurisdiction accepted if " 'justice cannot be satisfactorily obtained by other means' "), *quoting King v. Superior Court,* 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983). An order denying a motion

for summary judgment is not appealable. *Orme School,* 166 Ariz. at 303, 802 P.2d at 1002. Therefore, absent our special action relief, Cotton Lane would pursue, and based on information contained in the record probably would receive, a deficiency judgment in the amount of $4–$5 million. Cardon argues that because of its distressed financial condition, it most likely would be unable to post a supersedeas bond for such a large judgment, and execution of the judgment would force it into bankruptcy. Reversing the deficiency judgment on appeal would do little to relieve this and other adverse effects of the initial deficiency award.[8]

In light of all of these considerations, we believe that special action relief is appropriate in this case. Cardon could not satisfactorily obtain justice by any other means.

## DISPOSITION

The order of the trial court denying Cardon's motion for summary judgment is reversed, and the trial court is directed to enter summary judgment in favor of Cardon on the ground that Cotton Lane's claim for deficiency liability is precluded by California law. Cardon is awarded costs and attorney's fees pursuant to A.R.S. § 12–341.01(A).

FELDMAN, C.J., and ZLAKET and MARTONE, JJ., concur.

NOTE: The Honorable JAMES MOELLER did not participate in this decision.

8. The court of appeals, "in the exercise of its discretion," declined special action jurisdiction in this case, although it "express[ed] no opinion as to the merits raised in the petition." The court of appeals may have based its decision on the ground of laches, accepting Cotton Lane's argument that Cardon's petition for special action was untimely because it was filed four months after the trial court denied Cardon's

motion for summary judgment. Cotton Lane contends that we should deny special action jurisdiction for the same reason. We reject Cotton Lane's untimeliness argument for two reasons. First, the record shows that Cardon's delay was occasioned by efforts to mediate and/or settle this dispute. Second, as evidenced by the foregoing discussion, this is an exceptional case meriting special action relief.