**ERVCO, INC., an Arizona corporation; and Daniel J. Ervin, an individual, Plaintiffs,**

v.

**TEXACO REFINING AND MARKETING INC., a Delaware corporation; Equilon Enterprises LLC, a Delaware limited liability company; Does I through XX; and Roe Corporations I through XX, Defendants.**

No. CV 04–0452 PHX ROS.

United States District Court, D. Arizona.

March 20, 2006.

John R. Hoopes, Hoopes & Adams PLC, Chandler, AZ, Louis Daniel Lopez, Jr., Fennemore Craig PC, Phoenix, AZ, for Plaintiffs.

Lois Daniel Lopez, Fennemore Craig PC, Phoenix, AZ, Brian C. Padgett, Law Offices of Kermitt L. Waters, Las Vegas, NV, for Defendants.

## ORDER

SILVER, District Judge.

Pending is Plaintiffs' Motion For Reconsideration of the Court's Order of November 17, 2005 granting Defendant's Motion For Summary Judgment (Doc. # 83). For the reasons set forth below, the Court will vacate the granting of summary judgment in favor of Defendants on the claims for the (1) right of first refusal and (2) bona fide offer. Plaintiffs will have thirty days to establish a genuine issue of material fact that Ervin was ready, willing, and able to purchase the subject property at the relevant points in time.

Also pending is Plaintiff's Request For Leave To File Reply In Support Of Motion For New Trial/To Amend Judgment (Doc. # 116). Having granted Plaintiffs an opportunity to establish Ervin's financial ability to perform, which served as the basis for the Motion For New Trial, the Court will deny this motion as moot. Because the parties are familiar with the factual and procedural history, the Court will only restate those portions relevant to the motions addressed herein.

## I. Motion For Reconsideration

■■ The Court has discretion to reconsider and vacate its orders. *See Barber v. Hawaii,* 42 F.3d 1185, 1198 (9th Cir.1994); *United States v. Nutri–cology, Inc.,* 982 F.2d 394, 396 (9th Cir.1992). "A Rule 59(e) motion is a proper vehicle for seeking reconsideration of a summary judgment ruling." *Tripati v. Henman,* 845 F.2d 205, 206 (9th Cir.1988). A court may grant a Rule 59(e) motion to amend judgment on four grounds: (1) to correct " 'manifest errors of law or fact upon which the judgment is based' "; (2) where the movant presents " 'newly-discovered or previously unavailable evidence' "; (3) " 'to prevent manifest injustice' "; or (4) where there has been an " 'intervening change in controlling law.' " *Turner v. Burlington N. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir.2003).[1] Plaintiffs argue that the Court should vacate its Order, because it committed legal error when it granted summary judgment on grounds not raised by Defendants. *See* Plaintiffs' Motion For Reconsideration.

■■ All of the cases cited by Plaintiffs involve situations where a court grants summary judgment *sua sponte* to a party who has not moved for it. That is not the case. At issue is whether the Court may grant summary judgment based on *an issua sponte* that was evident from the record but not explicitly raised in the moving papers. Regardless, *sua sponte* entry of summary judgment is proper if "there is no genuine dispute respecting a material fact essential to the proof of movant's case." *Buckingham v. United States,* 998 F.2d 735 (9th Cir.1993). "However, a litigant must be given reasonable notice that the sufficiency of his or her claim will be in issue." *Id.* Notice is not required if the issue on which the summary judgment was granted is a subset of the larger issue raised by the party. *See Intel Corp. v. Hartford Accident and Indemnity Co.,* 952 F.2d 1551, 1556 (9th Cir.1991) (upholding district court's grant of summary judgment on grounds not explicitly raised by party's motion, but inherently a smaller part of the larger issue).

Defendants did raise the issue of damages in their moving papers as grounds for summary judgment. *See* Motion For Summary Judgment p. 15. In their Motion For Summary Judgment, Defendants correctly note that "Plaintiffs have submitted absolutely no evidence supporting the damages they claim to have sustained . . . . no damage calculation or supporting documents as Rule 26(a)(1)(C), Federal Rules of Civil Procedure, requires . . . . [n]or have plaintiffs designated an expert witness or disclosed an expert report setting forth their damage calculation," and that consequently, "any jury award in this case would be based on utter speculation." *Id.* p. 16. Plaintiffs were on notice that the issue of damages could be dispositive.

■ Because the issue of Ervin's financial ability to perform was a subset of the larger issue of whether Plaintiffs could establish damages, an issue that Defendants raised as grounds for summary judgment, notice does not appear required. *See Intel,* 952 F.2d at 1556. Any doubt about whether notice is required, however, should be resolved in favor of the party against whom summary judgment is sought and notice must be given. *See HS Resources, Inc. v. Wingate,* 327 F.3d 432, 441 (5th Cir.2003); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (stating that the "losing party [must have] notice that she had to come forward with all of her

---

1. The Court will construe Plaintiffs' Motion as a Motion For Reconsideration brought pursuant to Rule 59(e).

evidence."); *Verizon Delaware, Inc. v. Covad Communications Co.,* 377 F.3d 1081, 1092 (9th Cir.2004). To rectify any possible error, the Court will permit Plaintiffs thirty days to present a genuine issue of material fact establishing that Ervin would have been ready, willing, and able to purchase the property at either the time of the right of first refusal in 1998 or the date upon which the bona fide offer should have been made in 2003. Plaintiffs shall include whatever admissible evidence and authority they have to establish Ervin's financial ability to complete the purchase at relevant points in time, in addition to other admissible evidence of his intent to do so. Plaintiffs cannot, however, offer evidence they were required to provide opposing counsel prior to the closing of discovery pursuant to the Federal Rules of Civil Procedure and the Orders of the Court.

With respect to the issue of the right of first refusal, the Court finds that summary judgment is warranted on other grounds. Thus, any error that may have resulted by not providing notice on these grounds is immaterial.

## II. Right of First Refusal

Plaintiffs argue that Ervin had a contractual right of first refusal that was triggered by Texaco's assignment of the property to Equilon. Even if the Franchise Disclosure Statement ("FDS")was part of the contract, however, the right of first refusal was never triggered.

### A. Right of First Refusal Under The FDS

In a diversity case, the law of the forum state applies which is Arizona. In Arizona, in the absence of an explicit choice of law by the parties, the contractual rights and duties of the parties are governed by the law of the state having "the most significant relationship to the parties and the transaction." *Cardon v. Cotton Lane Holdings, Inc.,* 173 Ariz. 203, 207, 841 P.2d 198, 202 (1992) (citing *Restatement (Second) Conflict of Laws* § 188 (1971)). Having reviewed the record, the Court finds that Arizona bears the most significant relationship to the parties and the transaction. Thus, Arizona law will apply.

The Court has a duty to "attempt to enforce [the] contract according to the parties' intent." *Taylor v. State Farm Mut. Auto. Ins. Co.,* 175 Ariz. 148, 854 P.2d 1134, 1138 (1993). Intent is determined by interpreting the contract. *See id.* Contract interpretation is a matter of law. *See United Cal. Bank v. Prudential Ins. Co.,* 140 Ariz. 238, 681 P.2d 390, 409 (1983). Although the court may not look to evidence that contradicts or varies the meaning of an agreement, Arizona adheres to the "Corbin approach," which allows the court to look at extrinsic evidence to determine the intent of the parties without a preliminary finding of ambiguity. *Taylor,* 854 P.2d at 1138, 1139–40.

Further, under Arizona law, "a valid statute is automatically part of any contract affected by it, even if the statute is not specifically mentioned in the contract." *Higginbottom v. State,* 203 Ariz. 139, 51 P.3d 972, 975 (2002); *see also* Richard A. Lord, *Williston on Contract* § 30:20 (4th ed. 1999) ("Where the subject matter of the contract between the parties lies in an area covered by federal law, they necessarily adopt, as a portion of their agreement, the applicable provisions of the particular Act of Congress."). "Regardless of the language of a contract, 'it is always to be construed in the light of the statute, of the law then in force.'" *Id.* (quoting *McCullough v. Commonwealth of Virginia,* 172 U.S. 102, 112, 19 S.Ct. 134, 43 L.Ed. 382 (1898)). The parol evidence rule does not preclude reference to a statute because statutory provisions are incor-

porated into contracts as a matter of contract construction. *See id.*

Plaintiffs claim that the FDS, which contains a right of first refusal, was part of the parties' contract. In pertinent part, the FDS provides:

> Texaco may also refuse to renew a franchise if ... Texaco management makes the determination in good faith and in the normal course of business ... to sell the premises .... If Texaco makes such a determination, Texaco must offer the franchisee an opportunity to purchase Texaco's interest in the marketing premises.

(Defs' SOF, Ex. 5, Sect. 8).

This language is nearly identical, in form and substance, to 15 U.S.C. § 2802(b)(3)(D).[2] The opening sentence of the section in which the provision in dispute is found also references the PMPA.[3] (Def.'s SOF, Ex. 5, Sect. 8). It is clear that the FDS summarizes the provisions of 15 U.S.C. § 2802(b)(3)(D). Plaintiffs argue that the FDS provides a "contractual right of first refusal" and should be construed in a vacuum, without reference to existing law governing the termination of a franchise relationship. *See* Plaintiffs' Response to Defendants' Motion For Summary Judgment p. 2. This assertion is unfounded, particularly where there is no contractual provision to the contrary. Moreover, Plaintiffs fail to allege or provide any evidence that this provision of the FDS, which mirrors the PMPA nearly word-for-word, has a meaning other than that provided in § 2802(b)(3)(D). Therefore, the interpretation and construction of the FDS provision which requires a nonrenewal of the franchise to trigger a right of first refusal is controlled by § 2802(b)(3)(D).

### B. Triggering a Right of First Refusal under the PMPA

Under § 2802(b)(3)(D), a right of first refusal is triggered only if the franchisor terminates the franchise relationship. *See Valentine v. Mobil Oil Corp.,* 789 F.2d 1388, 1390 (9th Cir.1986); *Svela v. Union Oil Co.,* 807 F.2d 1494, 1500–01 (1987). A "franchise relationship" means "the respective motor fuel marketing or distribution obligations and responsibilities of a franchisor and franchisee which result from the marketing of motor fuel under a franchise." 15 U.S.C. § 2801(2); *Du Fresne's Auto Service Inc. v. Shell Oil Co.,* 992 F.2d 920, 925 (9th Cir.1993). A franchise is a contract. 15 U.S.C. § 2801(1). The Ninth Circuit has previously held that absent breach of the agreements that constitute components of the franchise, there is no termination. *See DuFresne's Auto Service,* 992 F.2d at 927; *Fresher v. Shell Oil Co.,* 846 F.2d 45, 47 (9th Cir.1988) (holding that assignment of property, without more, did not terminate the franchise relationship).

Here, Plaintiffs did not allege a breach of an agreement which would constitute a violation of the franchise during Texaco's transfer of property to Equilon in 1998. To the contrary, the evidence shows that the assignment to Equilon did not affect Ervco's continued use of Texaco's trademark, supply of motor fuel, or lease of the service station. (Defs' SOF ¶¶ 41–42). Whether the FDS was or was not part of the contract is immaterial, because the

---

**2.** Consistently, the surrounding contractual provisions, which provide other grounds for which Texaco "may also refuse to renew [the] franchise," are nearly identical to the other provisions in 15 U.S.C. § 2802(b)(3).

**3.** The FDS provides: "Texaco may terminate or refuse to renew your franchise agreements upon any ground permitted by the federal Petroleum Marketing Practices Act (15 U.S.C. Section 2801, *et seq.*)." (Defs' SOF, Ex. 5, Sect. 8.)

franchise relationship was not terminated so as to trigger a right of first refusal. For this reason, summary judgment is warranted.

## III. Conclusion

The Court granted summary judgment on grounds not explicitly argued in Defendant's moving papers. To ensure against any possible error in this ruling, the Court will grant Plaintiffs 30 days to establish a genuine issue of material fact.

With regard to Plaintiffs' claim for right of first refusal, the Court finds that summary judgment is warranted.

Accordingly,

IT IS ORDERED that the November 17, 2005 Order Granting Summary Judgment on the Right of First Refusal is vacated (Doc. # 75) and the Motion For Reconsideration of this Order (Doc. # 83) is denied, in part, with respect to the Right of First Refusal.

IT IS FURTHER ORDERED that Plaintiffs have 30 days from the date of this Order to present admissible evidence in accordance with this Order establishing a genuine issue of material fact that Ervin was ready, willing and able to purchase the subject property. Defendants shall file a response within ten days of Plaintiffs' filing. A reply will be filed if desired within ten days from the filing of the response.

IT IS FURTHER ORDERED that Plaintiff's Request For Leave To File Reply In Support Of Motion For New Trial/To Amend Judgment (Doc. # 116) is DENIED as moot.