395 P.3d 704

**ZB, N.A., a National Banking Association, Plaintiff/Appellee,**

v.

**Daniel J. HOELLER, an individual; and Azar F. Ghafari, an individual, Defendants/Appellants.**

No. 1 CA–CV 16–0071

Court of Appeals of Arizona, Division 1.

FILED 4/25/2017

Porter Law Firm, Phoenix, By Robert S. Porter, Counsel for Plaintiff/Appellee

Ardeo Law, PLLC, Gilbert, By Kate Miller, Counsel for Defendants/Appellants

Presiding Judge Randall M. Howe delivered the opinion of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

## OPINION

HOWE, Judge:

¶ 1 This appeal is from a deficiency action that lender ZB, N.A. brought against Daniel J. Hoeller and Azar F. Ghafari (collectively, "Borrowers") on a loan used to finance the purchase of commercial real estate in Missouri, secured by a deed of trust on the property. Borrowers moved for summary judgment, arguing that because the promissory note included a Utah choice-of-law provision, the action was time-barred by Utah's 90–day statute of limitations. The trial court denied the motion, finding that the deed of trust's Missouri choice-of-law provision applied and that the lawsuit was timely under Missouri's five-year statute of limitations. ZB subsequently moved for summary judgment on the merits, and the trial court granted the motion.

¶ 2 We hold that the promissory note's choice-of-law provision—not the deed of trust's—applies to the deficiency action because deficiency actions stem from the underlying debt. We further conclude that the deed of trust is effectively extinguished after

the security property is sold at a trustee's sale and therefore provides no remedies to the lender beyond the trustee's sale. Accordingly, we reverse and remand for entry of judgment in Borrowers' favor.

## FACTS AND PROCEDURAL HISTORY

¶ 3 In the summer of 2004, Borrowers—then California residents—purchased commercial real estate located in Missouri. Borrowers financed the purchase through a loan from ZB—principally located in Utah—secured by a deed of trust to the property. The promissory note contained a choice-of-law provision stating that it "will be governed by, construed and enforced in accordance with federal law and the laws of the State of Utah." The note also contained a fee provision which provided for the award of ZB's expenses, including attorneys' fees, to collect on the note if Borrowers did not pay. The provision was silent on Borrowers' right to receive payment for its expenses in successfully defending an action by ZB on the note.

¶ 4 The deed of trust similarly required that the laws of Utah govern it, "except and only to the extent of procedural matters related to the perfection and enforcement of Lender's rights and remedies against the Property, which matters shall be governed by the laws of the State of Missouri." One remedy provided for by the deed of trust in case of a default on the loan was the ability to foreclose on the property and collect any resulting deficiency from Borrowers with interest. "In the event that the enforceability or validity of any provision of this Deed of Trust is challenged or questioned," the deed continued, "such provision shall be governed by whichever applicable state or federal law would uphold or would enforce such challenged or questioned provision."

¶ 5 Borrowers made payments on the loan for eight years. But in 2012, Borrowers could not continue making payments and consequently defaulted on the loan. ZB foreclosed on the property and at the trustee's sale purchased the property for a credit bid for $102,469—an amount less than the unpaid balance on the debt. This left a principal deficiency amount of $147,374.73 plus accruing interest.

¶ 6 In September 2014, ZB initiated this deficiency action against Borrowers—who had since moved to and become residents of Arizona—to recover that unpaid amount. Representing themselves, Borrowers moved to dismiss the action. They argued that the action was time-barred under A.R.S. § 33-814, which requires that a deficiency action be filed within 90 days after the sale of trust property. ZB opposed the motion, arguing that under the deed of trust's terms regarding its "rights and remedies against the property," Missouri law and its five-year statute of limitations applied.

¶ 7 The trial court agreed with ZB and denied Borrowers' motion. In making its ruling, the trial court looked to the Restatement (Second) of Conflict of Laws § 187, which requires the application of the "laws of the state chosen by the parties to govern their contractual rights ... if a particular issue is one which the parties could have resolved by explicit provision in their agreement directed to that issue." The court noted the applicable statute of limitations was "clearly ... one such issue." Thus, the court concluded that because the deed of trust specified that Missouri law must govern procedural matters relating to the enforcement of ZB's rights and remedies against the property, the Missouri statute of limitations applied and the action was not time-barred.

¶ 8 Borrowers again moved to dismiss, arguing that Utah's laws and statute of limitations applied because the promissory note's choice-of-law provision required that Utah's laws apply to it. Borrowers also argued that the provision requiring the application of Missouri's laws in the deed of trust applied only to ZB's remedies against the property itself, not the debt. But the trial court denied the motion "for the same reasons set forth" in its previous ruling.

¶ 9 Two months later, ZB moved for summary judgment, arguing that no genuine issues of material fact existed regarding the unpaid amount. The court denied the motion, however, because ZB cited to Arizona and Missouri law instead of Utah law. Specifically, the court stated that although it had previously held that the Missouri statute of

limitations applied "to matters regarding the enforcement of the deficiency as directed by the Deed of Trust," the court did not hold that Missouri law applied to the substantive elements of ZB's remedies for default. Instead, the trial court concluded that ZB's substantive rights are governed by the promissory note, which established that Utah law governed.

¶ 10 The following month, ZB again moved for summary judgment, this time stating that it had previously "erred in believing that Arizona law applied to the Note itself," and agreeing that "Utah law applies." ZB then established Borrowers' liability for the debt pursuant to Utah law. Borrowers, too, moved for summary judgment, arguing anew that Utah law and its statute of limitations applied, rendering ZB's deficiency action time-barred. After hearing oral argument on both motions, the trial court granted summary judgment in ZB's favor. The trial court affirmed its previous holding that Missouri's statute of limitations applied pursuant to the deed of trust. The court also noted that, as the parties agreed, Utah law governed Borrowers' liability under the promissory note. After the trial court entered its judgment consistent with this ruling, Borrowers timely appealed.

## DISCUSSION

### 1. Summary Judgment

¶ 11 Borrowers do not challenge the finding that they defaulted on the loan nor the amount of the deficiency. They argue, however, that the trial court erred by concluding that Missouri's laws—particularly its statute of limitations—applied to ZB's deficiency action against them. Specifically, the parties disagree only whether the promissory note's or the deed of trust's choice-of-law provision applies to establish the timeliness of ZB's deficiency action. We review choice-of-law issues de novo as questions of law. *Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 516 ¶ 19, 990 P.2d 1069, 1075 (App. 1999). Similarly, we review the trial court's ruling on motions for summary judgment de novo. *MidFirst Bank v. Chase*, 230 Ariz. 366, 368 ¶ 6, 284 P.3d 877, 879 (App. 2012). Summary judgment should be granted only if no

genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). Because the promissory note's choice-of-law provision applies to this deficiency action, the action is time-barred and the trial court erred by granting summary judgment in ZB's favor.

¶ 12 Substantive matters are governed by the "law of the jurisdiction to which the court is referred by the choice-of-law rules of the forum." *Cardon v. Cotton Ln. Holdings, Inc.*, 173 Ariz. 203, 206, 841 P.2d 198, 201 (1992). Trustee's sales of real property are themselves procedural matters governed by the law of the state where the property is located. *Id.* But any subsequent deficiency action in Arizona is a substantive matter, and therefore governed by Arizona's choice-of-law rules. *Parkway Bank & Tr. Co. v. Zivkovic*, 232 Ariz. 286, 289 ¶ 11, 304 P.3d 1109, 1112 (App. 2013). The Arizona Supreme Court has expressly adopted the Restatement (Second) of Conflict of Laws ("Restatement") to resolve these issues. *Schwartz v. Schwartz*, 103 Ariz. 562, 565, 447 P.2d 254, 257 (1968), *abrog'd on other grounds, Fernandez v. Romo*, 132 Ariz. 447, 646 P.2d 878 (1982).

¶ 13 As relevant to the foreclosure of a mortgage on land, the Restatement directs that the method of foreclosure of a mortgage and the resulting interests in that land are determined by the laws of the state where the property is located. Restatement § 229. Issues relating to the foreclosure but not affecting any interest in the actual property, however, are determined by the law governing the underlying debt. *Id.* at § 229 cmt. e. In other words, the courts will apply the choice-of-law provision in the promissory note. The Restatement directs that a contractually agreed-upon choice-of-law provision governs if that choice is valid and effective. Restatement § 187(2). A choice-of-law provision is valid and effective if "the law of the state chosen by the parties to govern their contractual rights and duties ... is one which the parties could have resolved by an explicit provision in their agreement directed at that issue." Restatement § 187(1); *see*

*Cardon*, 173 Ariz. at 208, 841 P.2d at 203 (stating that the parties' choice-of-law provision was valid and effective because the parties could have contractually agreed to the relevant issue).

■ ¶ 14 Applying these principles, ZB's deficiency action is time-barred by Utah's statute of limitations. The basis of ZB's action against Borrowers is the deficiency Borrowers owed to ZB on the promissory note *after* the foreclosure of the commercial property. The action thus has no effect on any interest in the actual property. *See Nat'l Bank of Ariz. v. Schwartz*, 230 Ariz. 310, 312 ¶ 7, 283 P.3d 41, 43 (App. 2012) ("The debt arises from the promissory note. It is contractual.... Rather than the deficiency flowing from the foreclosure ... the debt and all the potential recovery flow from the promissory note."). Because the action is not based on the foreclosed property, but on the underlying debt, the Restatement states that the provisions of the promissory note govern the deficiency action. The promissory note's choice-of-law provision declares clearly without exceptions that Utah law applies. ZB even conceded before trial—and does not now dispute—that "Utah law applies" to "the Note itself." This choice to be governed by Utah law was valid and effective because nothing in Utah law would have precluded the parties from explicitly agreeing to limit ZB's right to pursue a deficiency action up to 90 days from the date of the sale of the property held as security for the debt.

¶ 15 Under Utah law, ZB had 90 days from the date of the sale of the Missouri property pursuant to the deed of trust to initiate a deficiency action. Utah Code Ann. § 57-1-32. Because ZB waited almost two years to initiate this action, the action is time-barred. The trial court thus erred in granting ZB summary judgment.

■ ¶ 16 ZB argues, however, that regardless of its right to recover a deficiency through the promissory note, the parties created an additional remedy for ZB by adding a deficiency remedial provision to the deed of trust. ZB and Borrowers agreed in the deed of trust to apply the law of whichever relevant jurisdiction that would enforce and uphold ZB's rights to recover through a defi-

ciency action. ZB further argues that because the deed of trust includes deficiency as a remedial provision, the deficiency's procedural matters should be governed by the deed's governing law provision. But ZB's argument is unavailing for two reasons.

¶ 17 First, the deed of trust serves only to secure the performance of a loan contract, which allows trust property to be sold and transferred after a breach or default of the underlying loan contract. *See* A.R.S. §§ 33-801(8) and -807(A); *see also Hogan v. Wash. Mut. Bank, N.A.*, 230 Ariz. 584, 587 ¶ 10, 277 P.3d 781, 784 (2012) ("The note is a contract that evidences the loan and the obligor's duty to repay. The trust deed transfers an interest in real property, securing the repayment of the money owed under the note."). Once that purpose was served through the trustee's sale, the deed of trust and its choice-of-law provision no longer had effect. *Cf. Long v. Corbet*, 181 Ariz. 153, 157, 888 P.2d 1340, 1344 (App. 1994) (concluding that a junior creditor's deed of trust was "extinguished" when a senior creditor sold the deed of trust property at a trustee's sale, although the debt secured by the junior creditor's deed of trust was not). The deed of trust is effectively extinguished after a trustee's sale of the security property. Contrary to ZB's argument, then, the remedial provisions do not survive after the successful sale of the property. Moreover, the remedial provision did not create an additional right for ZB; the provision was merely a reference to the deficiency remedy that ZB had under the promissory note itself. Applying Utah's laws does not deprive ZB of its right to recover through a deficiency. Utah's laws provide lenders the right to initiate a deficiency action. Utah Code Ann. § 57-1-32. ZB simply failed to invoke its right under Utah's laws within the statutorily allotted time. ZB did not need a provision in the deed of trust to initiate this action.

■ ¶ 18 Second, even if the trustee's sale did not effectively extinguish the deed of trust, the deed would not require application of Missouri law. Contrary to ZB's argument, the deed's provision requiring the application of "whichever applicable [state law] would

uphold or enforce" a challenged provision does not apply because Borrowers have not "challenged" any of the deed's provisions. A challenge to a contract provision's enforceability is based on the provision's legality or public policy. *See Landi v. Arkules*, 172 Ariz. 126, 133, 835 P.2d 458, 465 (App. 1992) ("An agreement is unenforceable if the acts to be performed would be illegal or violate public policy."). The Borrowers here merely responded to a deficiency action against them with an affirmative defense that the action is untimely. This is a challenge to the deficiency action's timeliness, not the deed provision's legality or public policy. The trial court thus erred by granting summary judgment in ZB's favor.

### 2. Attorneys' Fees

¶ 19 Borrowers and ZB each request attorneys' fees and costs. Although we would ordinarily be required to award fees under the promissory note's fee provision, A.R.S. § 12–341.01, that provision allows for fees only for ZB. When a provision allows for awarding fees only to one party and is silent on awarding fees to the other parties to a contract, fees may be awarded to the other parties pursuant to A.R.S. § 12–341.01. *See Pioneer Roofing Co. v. Mardian Constr. Co.*, 152 Ariz. 455, 471, 733 P.2d 652, 668 (App. 1986). Because Borrowers are the successful party in a contested action arising out of the promissory note—a contract—we grant Borrowers their reasonable attorneys' fees under A.R.S. § 12–341.01 upon compliance with Arizona Rule of Civil Appellate Procedure 21 and deny fees and costs to ZB.

### CONCLUSION

¶ 20 For the foregoing reasons, we reverse the trial court's judgment and remand for entry of judgment in Borrowers' favor.