CONNECTICUT MUTUAL LIFE INSURANCE COMPANY OF HARTFORD v. J. B. CONLEY, ADMINISTRATOR OF ESTATE OF MELVIN L. HANSELL, DECEASED, SUBSTITUTED AS RESPONDENT FOR MELVIN L. HANSELL.[1]

March 15, 1935.

No. 30,296.

[1]Reported in 259 N. W. 390.

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■

*William M. Wood* and *Watson & Watson,* for appellant.

*Mark & Barron,* for respondent.

HOLT, JUSTICE.

The appeal is from a judgment dismissing the action and vacating the attachment issued and levied therein.

The action is brought to recover the balance due upon a promissory note executed by defendant to plaintiff. It appears that on January 20, 1926, defendant executed and delivered to plaintiff his promissory note for $11,000 due on January 20, 1931, with interest at five per cent per annum. The note was executed in Iowa and was secured by a mortgage upon a farm in Warren county, that state. There was a default, and the mortgage was foreclosed in the district court of Warren county, and the proceeds of the foreclosure were applied upon said note, leaving a balance of $1,230.13, now due and unpaid. The foreclosure was *in rem,* and no deficiency judgment could therein be obtained. Defendant resided temporarily in California, and jurisdiction was obtained by attaching real estate owned by him in the counties of Todd and Wadena, this state.

Defendant moved to dismiss the action and to vacate the attachment. The ground of the motion was that defendant, though temporarily absent, has been a resident of this state for more than 20 years and is entitled to the benefit of L. 1933, c. 339, 3 Mason Minn. St. 1934 Supp. §§ 9633-1 to 9633-21, containing this provision [part 1, § 4]:

"Provided, further, that prior to May 1, 1935, no action shall be maintained in this state for a deficiency judgment until the period of redemption as allowed by existing law or as extended under the provisions of this act, has expired."

He also set forth that Code of Iowa, 1931, c. 500, § 11774, provides:

"The debtor may redeem real property at any time within one year from the day of sale."

And pursuant thereto defendant may redeem the farm sold in the Iowa foreclosure action at any time prior to April 17, 1935. The learned court below considered the above quoted provision of L. 1933, c. 339, applicable and granted the motion. In this we think the court erred. It is obvious that the legislature of this state has no power to enact laws with respect to Iowa contracts or Iowa real estate mortgages. There is nothing in c. 339 which suggests that it was intended to affect any real estate outside the boundaries of this state. It is confined to the subject of extending the time of redemption from mortgage foreclosure sales, execution sales, and contracts for deeds. It does not concern itself with promissory notes secured by chattel mortgages, or contracts, or promissory notes executed and delivered in another state and secured by a mortgage on real estate there situate. There is nothing in the act which prohibits the holder of a note secured by a real estate mortgage in this state from suing on the note without foreclosing the mortgage. Blaisdell v. Home B. & L. Assn. 189 Minn. 422, 249 N. W. 334, 86 A. L. R. 1507. We think neither the spirit nor the letter of our moratorium act forbids this plaintiff suing in this state to recover upon this Iowa contract what still is due thereon. If after a judgment the land attached is sold on execution and there be then any law extending the period of redemption therefrom, of course defendant may have the benefit thereof if in a position to invoke it.

The judgment is reversed, and the court below is directed to reinstate the attachment.