GATE CITY FEDERAL SAVINGS AND LOAN ASSOCIATION, f.k.a. Gate City Savings and Loan Association, Respondent,

v.

Martin E. O'CONNOR, et al., Appellants.

No. C8–86–2186.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Review Denied Oct. 21, 1987.

J. Philip Johnson, Robert A. Feder, Fargo, N.D., for respondent.

William A. Scholossman, Jr., Fargo, N.D., for appellants.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Martin and Jean O'Connor appeal from the entry of a judgment of foreclosure on land in Minnesota and the entry of a deficiency judgment against them. They assert North Dakota law regarding deficiency judgments, not Minnesota law, should apply. We agree and reverse.

## FACTS

In April 1978 the Aakres and the Moyers, North Dakota residents, borrowed $91,920 from Gate City Savings and Loan Association (Gate City) whose principal place of business is North Dakota. The loan involved four separate promissory notes executed and payable in Fargo, North Dakota. The notes were secured by four mortgages on condominiums located in Clay County, Minnesota. In June 1979 Martin and Jean O'Connor, North Dakota residents, assumed the notes and mortgages by an agreement executed at Gate City in Fargo, North Dakota.

In 1986 the O'Connors defaulted on the notes and mortgages. Gate City began an action in Clay County, Minnesota, to foreclose the mortgages and recover a deficiency judgment. Gate City moved for summary judgment. The O'Connors did not dispute the foreclosure but objected to entry of a deficiency judgment on the basis that such judgment would be contrary to North Dakota's antideficiency laws. On September 4, 1986, the trial judge issued the order of foreclosure. The condominiums were sold to Gate City on November 18, 1986, for $66,000, leaving a deficiency of $31,-291.64 plus interest upon which a deficiency judgment would be entered pursuant to Minn.Stat. §§ 581.09, 582.30 (1986).

The O'Connors now appeal, arguing that North Dakota law should apply to the deficiency, not Minnesota law. Under North Dakota law, a deficiency judgment is possi-

ble but only after the fair market value of the property is determined in a trial proceeding. According to North Dakota law, Gate City is entitled to a deficiency judgment in an amount equal to the difference between the fair market value and the unpaid balance due on the notes.

### ISSUES

1. Is determination of a deficiency judgment procedural or substantive law?

2. If substantive, should Minnesota or North Dakota law be applied?

### ANALYSIS

### I

■ When faced with a conflict of law question, the first step is determining whether there is a conflict. *Hague v. Allstate Insurance Co.*, 289 N.W.2d 43, 46–47 (Minn.1979), *aff'd*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981). If Minnesota law is applied, the O'Connors will have a $31,291 personal judgment automatically entered. If North Dakota law is applied, there may be no deficiency or a deficiency of a lesser amount entered. The method of determining the existence and amount of a deficiency judgment is significantly different.

■ Once a conflict is established, the next step is to determine if the law involved is procedural or substantive. Matters involving procedure and remedies are governed by the law of the forum state. *Davis v. Furlong*, 328 N.W.2d 150, 153 (Minn.1983). The court of the forum determines if a given question is one of substance or procedure. *Anderson v. State Farm Mutual Automobile Insurance Co.*, 222 Minn. 428, 432, 24 N.W.2d 836, 839 (1946). The district court found that under both North Dakota and Minnesota law, the appropriate forum for foreclosure suits is determined by the location of the land and the law of the forum governs the foreclosure procedure. *See Connecticut Mutual Life Insurance Co. v. Conley*, 194 Minn. 41, 259 N.W. 390 (1935); *Wilson v. Kryger*, 29 N.D. 28, 149 N.W. 721 (1914); *Cosgrave v. McAvay*, 24 N.D. 343, 139

N.W. 693 (1913). The trial court determined that the act of foreclosure was a remedy or procedure and thus governed by Minnesota law.

■ A law is substantive if it will substantially affect the result. *See Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945). If North Dakota law on deficiency judgments applies, the O'Connors may incur either no judgment, or a larger or smaller one. If Minnesota law applies, there is a certain, relatively large deficiency judgment. Since the respective deficiency judgment laws are significantly different and application of the statutes will substantially affect the result, we hold that deficiency judgments are matters of substantive law.

### II

■ When the conflict involves substantive law, the court must determine which law applies. In *Milkovich v. Saari*, 295 Minn. 155, 203 N.W.2d 408 (1973), the Minnesota Supreme Court adopted an analysis for determination of the applicable law. The test involved:

(a) Predictability of results; (b) maintenance of interstate and international order; (c) simplification of the judicial task; (d) advancement of the forum's governmental interest; and (e) application of the better rule of law.

*Id.* at 161, 203 N.W.2d at 412.

#### (a) Predictability of Results

In the past obligations incurred by residents of one state, in that state, to be performed in that state, were governed by the laws of that state. *See Patterson v. Wyman*, 142 Minn. 70, 170 N.W. 928 (1919) (mortgaged property was in Minnesota but Minnesota recognized usury laws of North Dakota where contract arose); *Clement v. Willett*, 105 Minn. 267, 117 N.W. 491 (1908) (validity of mortgage assumption made in Minnesota relating to land in Iowa was governed by Minnesota law). Because these were North Dakota residents with an obligation to be performed in North Dakota

the application of North Dakota law could be predicted.

### (b) Maintenance of Interstate and International Order

This concept requires that the state whose laws are ultimately applied have sufficient contacts with the facts in issue.

*Hague,* 289 N.W.2d at 48. The material contacts in this case all favor application of North Dakota law. The notes were signed in North Dakota and were to be performed in North Dakota. The loan modification agreements were executed in North Dakota. All the parties to the transaction are residents of North Dakota. The only contact with Minnesota is the fact that the land securing the notes happens to be located here.

### (c) Simplification of the Judicial Task

Frequently, this factor is irrelevant since one court can apply the applicable statute as well as any other court. *Hague,* 289 N.W.2d at 49. A Minnesota court should have no problem applying the appropriate North Dakota statute.

### (d) Advancement of the Forum's Governmental Interest

In analyzing the forum's interest, the public policy of North Dakota also must be considered. *Myers v. Government Employees Insurance Co.,* 302 Minn. 359, 365, 225 N.W.2d 238, 242 (1974). It does not appear that Minnesota should have any particular interest in a North Dakota contract between North Dakota residents. The North Dakota antideficiency statute demonstrates a clear interest in balancing the rights of the North Dakota lenders and debtors.

### (e) Better Rule of Law

The "better law" is to be applied only when the other considerations leave the choice of law uncertain. *Myers,* 302 Minn. at 368, 225 N.W.2d at 244. The previous tests all favor application of North Dakota law, as does the better rule of law test.

Under Minnesota law, the sale price of the foreclosed property determines the amount of the deficiency. Frequently, the

only bidder is the lender. If there are no other bidders, the only risk the lender runs in bidding low is the risk the property will be redeemed. A defaulting borrower is unlikely to be in a position to redeem. If there are other bidders, the sale price may be more fair and more accurately reflect the property's value. The North Dakota requirement that a jury determine the value of the property and base the deficiency judgment on the difference between actual value and debt is more equitable. The mortgagee will still be entitled to a deficiency judgment if the land value is insufficient to cover the debt.

### DECISION

Determination of a deficiency judgment following a foreclosure is substantive not procedural law. In applying the tests established to resolve conflicts of law, we determine that North Dakota law should apply. The portion of the judgment requiring entry of a deficiency judgment in favor of Gate City is reversed.

Reversed.