F I L E D
United States Court of Appeals
Tenth Circuit

JUL 30 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SBKC SERVICE CORPORATION,

     Plaintiff - Appellant,

vs.

1111 PROSPECT PARTNERS, L.P., a
California Limited Partnership;
WILLIAM JEFFERY, III, and
KRISTEN L. JEFFERY, individuals,

     Defendants - Appellees.

No. 97-3193
(D.C. No. 95-2540-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **MCWILLIAMS**, and **KELLY**, Circuit Judges.

Plaintiff-Appellant SBKC Service Corporation (SBKC) appeals from the

dismissal of its action seeking a deficiency judgment against Defendants-

Appellees William Jeffery III (Jeffery) and Kristen L. Jeffery for lack of personal

jurisdiction. SBKC also appeals from the grant of summary judgment in favor of

1111 Prospect Partners, L.P. (Prospect Partners), based on preclusion of SBKC's

claim by California's anti-deficiency statute. We have jurisdiction pursuant to 28

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 1291 and affirm in part and vacate in part.

Background

In early 1991, Jeffery, as limited partner, and three others, as general partners, formed Prospect Partners to purchase and renovate real property. In May 1991, Prospect Partners borrowed approximately $8.3 million from Security Bank of Kansas City [1] to buy a property at 1111 Prospect, La Jolla, California (Property). The loan is evidenced by a promissory note (Note) and secured by a Construction Deed of Trust and Security Agreement on the Property (Deed of Trust) and a letter of credit issued by a California bank for approximately $1.7 million (LOC).

In late 1992, Prospect Partners defaulted on the Note, and SBKC drew on the entire LOC. SBKC and Prospect Partners then negotiated a refinancing of the remaining balance on the Note. The refinancing is evidenced by an Extension to Loan Agreement and Promissory Note (Extension Agreement), which contained an explicit waiver of California's anti-deficiency legislation. By late 1993, Prospect Partners was again in default on the Note, and SBKC exercised its power of private sale pursuant to the Deed of Trust and purchased the Property. In October 1993, the Jefferys and Prospect Partners commenced litigation against

---

[1] For simplification, Plaintiff-Appellant SBKC Service Corporation and its parent Security Bank of Kansas City are both referred to as SBKC.

SBKC in the California state courts for drawing on the LOC prior to the private sale, allegedly in violation of Cal. Civ. Proc. Code § 726, a component of California's anti-deficiency legislation which embodies the "security-first" principle.   See Cal. Civ. Proc. Code § 726 (West 1980).

SBKC then filed this suit seeking a deficiency judgment in Kansas state court, and Defendants removed to federal district court.  The Jefferys moved for dismissal based on lack of personal jurisdiction and all Defendants moved for summary judgment based on the preclusion of SBKC's claim for deficiency.  The district court granted the Jefferys' motion to dismiss and the motion for summary judgment, holding California law applies to the deficiency claim, which (1) precludes such a claim after private sale and (2) bars waiver in advance of this debtor protection.  On appeal, SBKC argues the district court erred in dismissing Jeffery for lack of personal jurisdiction and in applying California law to the deficiency claim.

Discussion

As an initial matter, SBKC has not argued that the district court erred in dismissing SBKC's claims against Kristen Jeffery for lack of personal jurisdiction.  SBKC has consequently waived any such argument and we affirm the district court's dismissal of SBKC's claim against her.

SBKC argues that the district court erred in applying California rather than

- 3 -

Kansas law on the issue of the availability of a deficiency claim. California law precludes the right to a deficiency judgment after exercising the power of sale in a deed of trust. Cal. Civ. Proc. Code § 580d provides:

> No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property . . . in any case in which the real property . . . has been sold by the mortgagee or trustee under power of sale contained in the mortgage or deed of trust.

Cal. Civ. Proc. Code § 580d (West 1976). In its argument to avoid this California statute, SBKC relies upon a Kansas choice of law clause in the Note. We, however, construe the Extension Agreement and Note together, and consider the waiver of California's anti-deficiency legislation in the Extension Agreement to more specifically address the issue and sufficiently evidence the parties' understanding that California law applied. Otherwise, SBKC would successfully avoid any debtor redemption rights by electing private sale in California, and then avoid California's consequent preclusion of any deficiency judgment by suing in Kansas.

We review choice of law determinations de novo. See Shearson Lehman Bros., Inc. v. M & L Investments, 10 F.3d 1510, 1514 (10th Cir. 1993). A district court exercising diversity jurisdiction applies the choice of law rules of the state in which it is sitting. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Shearson, 10 F.3d at 1514. The Kansas choice of law rules honor an effective choice of law made by contracting parties. See Equifax

- 4 -

Servs., Inc. v. Hitz, 905 F.2d 1355, 1360 (10th Cir. 1990); Restatement (Second) of Conflict of Laws § 187 (1969). Notes and deeds of trust are contracts between parties and the rules of contract construction therefore apply. See Metropolitan Life Ins. Co. v. Strnad, 876 P.2d 1362, 1365 (Kan. 1994). "A cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention if it can be done consistent with legal principles." See Garvey Ctr., Inc. v. Food Specialties, Inc., 519 P.2d 646, 650 (Kan. 1974) (internal quotation marks and citation omitted). Thus, our initial task is to determine whether the parties expressed their intention on the issue, and if so, what that intention was.

Various documents were involved in the transaction that forms the basis of this suit. The choice of law and forum selection clause in the Note provides: "This is a Note payable in and according to the laws of the state of Kansas, and an action may be maintained in the state of Kansas and the county and venue of Wyandotte for the purpose of collecting any amounts payable hereunder or in any action for a deficiency." II Aplt. App. at 390. The Deed of Trust choice of law clause provides: "The Note shall be governed and construed according to the laws of the State of Kansas, and the District Court of Wyandotte County, Kansas, shall have jurisdiction over any action for a deficiency, provided that the laws of the State of California shall apply to the foreclosure of real estate." Id. at 417.

The Extension Agreement provides that

> [e]ach of the parties or individuals executing this Extension waives the benefit of any 'antideficiency legislation' which might otherwise bar any recovery against any of them because of [SBKC's] election of remedies, including but not limited to an exercise of power of sale under any deed of trust, mortgage or other security agreement. Each hereby expressly waives any and all benefits under California Civil Code sections 2809, 2810, 2819, 2825, 2839, 2845, 2847, 2848, 2849 and 2950 and California Code of Civil Procedure Sections 580b, 580d, and 726.

Id. at 426.

Predictably, SBKC argues based on the clause in the Note that Kansas law applies to the issue of the availability of a deficiency claim, while Prospect Partners argues based on the clause in the Deed of Trust that California law applies. Aside from the dispute over which of these two documents controls, Prospect Partners argues that the Extension Agreement sufficiently evidences the parties' intent that California law apply on the issue of the availability of any claim for deficiency, and we agree.

Where we have several documents executed at different times, but in the course of the same transaction concerning the same subject matter, we construe them together to determine the intent of the parties. See Hollenbeck v. Household Bank, 829 P.2d 903, 906 (Kan. 1992); Parsons v. Biscayne Valley Investors Ltd., L.P., 935 P.2d 218, 222 (Kan. Ct. App. 1997) (construing together various mortgages, a loan agreement, and a later executed loan modification

- 6 -

agreement).  In the instant case, the Note and Extension Agreement concern the

same loan, with the Extension Agreement explicitly referring to the Note, Deed

of Trust, and loan agreement.  [2]  Thus, we may properly construe the Extension

Agreement with the Note to determine the parties' intention on the issue of the

applicable law.

The Restatement (Second) of Conflict of Laws explains that "even when

the contract does not refer to any state, the forum may nevertheless be able to

conclude from [the contract's] provisions that the parties did wish to have the

law of a particular state applied."  Restatement (Second) of Conflict of Laws §

187, cmt. a.  The drafters explain further that "the fact that the contract contains

legal expressions, or makes reference to legal doctrines, that are peculiar to the

local law of a particular state may provide persuasive evidence that the parties

wished to have this law applied."     Id.  The drafters provided an illustration of

this rule as follows:

> A contract, by its terms to be performed in state Y, is entered into in
> state X between A, a domiciliary of X, and B, a domiciliary of Y.  The
> contract recites that the parties "waive restitution        *in integrum*  in case

---

[2]  The Extension Agreement provides: "     NOTICE OF ENTIRE
AGREEMENT  .  THIS AGREEMENT AND THE LOAN DOCUMENTS [i.e., the
note, deed of trust, and loan agreement] EXPRESS THE ENTIRE FINAL
AGREEMENT BETWEEN THE PARTIES WITH RESPECT TO THE LOAN
TRANSACTION CONTEMPLATED HEREIN AND SUPERSEDE ALL PRIOR
AGREEMENTS OR UNDERSTANDINGS BETWEEN THE PARTIES
RELATING TO THEIR SUBJECT MATTER."  II Aplt. App. at 427.

of *laesio enormis* ." These notions are foreign to X local law. They exist, on the other hand, in Y local law which furthermore empowers the parties to waive such right of restitution. A court could properly find on these facts that the parties wished to have Y local law applied.

Id. § 187, cmt. a, illus. 1.

As in the Restatement illustration, even provisions here intended to act as a waiver can indicate the parties' understanding that California law is to govern the issue. Unlike the illustration, however, no inference is necessary that the references to legal notions foreign to one state indicate a choice of the laws of a state where such notions are not foreign. The contract in this case explicitly cites to California statutes. In addition to these explicit citations, it also happens that the referenced power of sale is foreign to Kansas law, but permitted by California, and that the referenced anti-deficiency legislation is nonexistent in Kansas, but of long standing in California.

We recognize that the illustration arguably places some weight on the circumstance that the implicitly referenced state empowers the intended waiver. This is not troubling, however, because California only bars waiver in advance, see Freedland v. Greco , 289 P.2d 463, 465-66 (Cal. 1955) (en banc), and SBKC enjoyed some benefit of Prospect Partners' arguable ex post facto waiver. Prospect Partners made a claim in the California litigation that SBKC's draw on the LOC violated California's "security-first" statute, a component of California's anti-deficiency legislation. See Cal. Civ. Proc. Code § 726. SBKC

- 8 -

argued in those litigations, even in the California Supreme Court, that the subsequent waiver in the Extension Agreement operated against Prospect Partner's claim. See II Aplt. App. at 500 (noting SBKC argued waiver as an alternative ground for a favorable decision by the California Supreme Court); cf. 17A Am. Jur. 2d Contracts § 160 (1991) (summarizing law holding forbearance to enforce even a doubtful right may be sufficient consideration to support a promise). Moreover, California does permit waiver of the host of other protections Prospect Partners waived in the Extension Agreement which are analogous to the anti-deficiency "security-first" principle. See, e.g., Union Bank v. Ross, 54 Cal. App. 3d 290, 294-95 (Cal. Ct. App. 1976) (allowing waiver of the protections of Cal. Civ. Code §§ 2819 & 2845); Bloom v. Bender, 313 P.2d 568, 572-575 (Cal. 1957) (en banc) (§§ 2809 & 2819); Guild Wineries and Distilleries v. Land Dynamics, 103 Cal. App. 3d 966, 972 (Cal. Ct. App. 1980) (§§ 2845 & 2849). Thus, the entire agreement, construed as a whole, evidences the parties' own understanding that California law applies to the particular issue of the availability of an action for deficiency after private sale.

SBKC cites the language in the Note's choice of law clause which selects Kansas as a forum for any deficiency action to support its view that Kansas law applies. This forum selection clause, however, does not compel a conclusion that Kansas law applies to the particular issue of the availability of a deficiency claim

after a private sale. First, the issue is more specifically addressed in the Extension Agreement. Second, the forum selection clause is not superfluous because if SBKC had elected judicial foreclosure, as opposed to private sale, then California's anti-deficiency statute would not have applied and the forum selection would have been operative for the then available deficiency claim.

SBKC argues that a deficiency action is collateral to foreclosure and based on the underlying debt so that choice of law determinations should be based on the Note as opposed to the Deed of Trust. SBKC relies upon Restatement (Second) of Conflict of Laws § 229, cmt. e, and cases applying that section. See, e.g., Cardon v. Cotton Lane Holdings, Inc., 841 P.2d 198, 201 (Ariz. 1992). The Extension Agreement we base our holding on, however, is not language from the Deed of Trust, but an extension and modification of the terms of the Note. Thus, to the extent the Restatement section applies at all, our holding is not inconsistent with it or the relevant case law.

Regardless, we question whether Kansas would apply the Restatement's general rule of collaterality to a foreclosure of California property. The Kansas Supreme Court recently held that under Kansas choice of law rules, although deed of trust transactions involve underlying contractual obligations subject to traditional contractual choice of law rules, both the procedural and substantive law of the situs applies to foreclosures. See Resolution Trust Corp. v. Atchity,

913 P.2d 162, 171-72 (Kan. 1996). In so holding, the court quoted one commentator's explanation that in our federal system, based as it is on territorial sovereignty, the choice of law rules appropriate to one aspect of mortgage transactions should not be applied to another. See id. at 172 (quoting David B. Young, Mortgages & Party Autonomy In Choice of Law, 45 Ark. L. Rev. 345, 352 (1992)). Ultimately, the court held the allegedly Kansan issues in the case were "so intertwined" with a Missouri mortgage that Missouri procedural and substantive foreclosure law applied. See id.

Similarly, the allegedly Kansan issue of the availability of a deficiency claim to SBKC in this case is so intertwined with the California foreclosure that all of California's foreclosure law applies, including § 580d. Under California law, a creditor that elects to exercise a power of sale, free of the involved and time-consuming procedures of judicial foreclosure, forgoes any deficiency claim in exchange for the immediacy of private sale and the extinguishment of the debtor's right of redemption. See Roseleaf Corp. v. Chierighino, 378 P.2d 97, 102 (Cal. 1963) (en banc). In judicial foreclosure, the threat of redemption and elaborate judicial procedures protect debtors from harsh foreclosures by encouraging a bid approximating the fair market value of the security. See Cornelison v. Kornbluth, 542 P.2d 981, 989 (Cal. 1975) (en banc). If a claim for deficiency were not precluded after private sale, a creditor could gain

- 11 -

irredeemable title by an under-market bid and still collect the difference between the market value and the outstanding indebtedness, resulting in a windfall to the creditor.  See id.  Section 580d places both creditor remedies on parity; in either case the debtor is protected.  See Roseleaf , 378 P.2d at 102.  The California legislature, of course, could have granted redemption rights after private sale, but § 580d achieved the same result without denying creditors their election of remedies.  See id.

Thus, California's preclusion of a claim for deficiency serves the same policy purpose as a right of redemption.  It is well settled that the law of the situs applies to the issue of the availability of a right of redemption, as such availability is an effect of foreclosure.  See Restatement (Second) of Conflict of Laws § 229, cmts. c & d. (providing the law of the situs applies to issues of the effect of foreclosure, including redemption rights)  .  These rules, together with Kansas's application of all situs foreclosure law, dictate our conclusion that California's purposeful substitution of anti-deficiency provisions for a grant of redemption rights to protect debtors from harsh foreclosures applies.  See Atchity , 913 P.2d at 171-72;  Cardon , 841 P.2d at 201-04 (holding § 580d is substantive provision of California foreclosure law);  California Fed. Sav. and Loan Ass'n v. Bell  , 735 P.2d 499, 504-06 (Haw. Ct. App. 1987) (rejecting Restatement view that deficiency actions are collateral to foreclosure, noting that

situs state has most significant relationship to land); cf. Citibank v. Errico, 597 A.2d 1091, 1094-95 (N.J. Super. Ct. App. Div. 1991) (holding New York anti-deficiency judgment provision is a matter of substantive law); Catchpole v. Narramore, 428 P.2d 105, 107-08 (Ariz. 1967) (en banc) (holding companion Cal. Civ. Proc. Code § 580b is substantive law of foreclosure); Ross Realty Co. v. First Citizens Bank & Trust Co., 250 S.E.2d 271, 273 (N.C. 1979) (holding similar statute is substantive law of foreclosure); Gate City Fed. Sav. & Loan Ass'n v. O'Connor, 410 N.W.2d 448, 450-51 (Minn. Ct. App. 1987) (holding deficiency judgment issue is a matter of substantive law).

Even if we were to consider the various choice of law clauses to be ambiguous, the relevant extrinsic evidence confirms our conclusion that the parties understood California law to apply to the issue. See Stauth v. Brown, 734 P.2d 1063, 1069 (Kan. 1987) (holding extrinsic evidence is admissible to resolve any contract ambiguity). First, SBKC required a legal opinion of Prospect Partners before origination of the loan, which stated that the opinion was subject to and limited by California anti-deficiency laws. See I Aplt. App. at 231. SBKC voiced no objection. Second, SBKC required the LOC as a credit enhancement for the very reason that it understood California's anti-deficiency legislation to apply. See VI Aplt. App. at 1516, ¶ 5. Finally, SBKC drafted the waiver in the Extension Agreement, and insisted on its inclusion after Prospect

Partners initially crossed it out and signed.      See Wood River Pipeline Co. v. Willbros Energy Servs. Co. , 738 P.2d 866, 871 (Kan. 1987) (stating rule that contract ambiguities are construed against the drafter).  A jury could not reasonably conclude on the evidence that the parties nevertheless understood Kansas law to apply to the issue.

Lastly, SBKC argues that even if § 580d  applies, the district court erred in applying California case law construing § 580d.  SBKC relies upon      Kerivan v. Title Ins. & Trust Co. , 147 Cal. App. 3d 225, 231 (Cal. Ct. App. 1983), for its argument that § 580d extinguishes only the remedy of a deficiency in California, and not the right to and remedy of a deficiency in another state.      Kerivan  does state that "[t]he 'judgment' referred to in [§ 580d] refers only to a judgment rendered in this state and not to a judgment pursued in a state allowing deficiencies following foreclosure sales."      Kerivan , 147 Cal. App. 3d at 231. Kerivan , however, is inapposite.  That case involved a note choosing Colorado law, and the Colorado courts granted a deficiency judgment arguably pursuant to Colorado law.  See id.  at 228 n.1, 230-31.  The   court held only that § 580d would not prevent the giving of full faith and credit to, and collection of, a deficiency judgment if it were obtained pursuant to Colorado law.      See id. at 230- 31.  The court specified that no deficiency judgment would have been appropriate "if the trial court ascertained that [the] note and the deed of trust were to be

- 14 -

construed under the laws of this state . . . ." Id. at 230. In our case, no deficiency judgment may be obtained pursuant to another state's laws because California law applies, based on the Extension Agreement's implicit choice, and Kansas's rule that both the procedural and substantive law of the situs applies to foreclosures. SBKC's deficiency claim is therefore precluded. See Cardon, 841 P.2d at 201-04 (holding § 580d, as substantive provision of contractually chosen California law, precluded deficiency action).

Given our determination that Cal. Civ. Proc. Code § 580d precludes any claim for deficiency, and the fact that liability of Jeffery could only be vicarious, the issue of personal jurisdiction over him is moot. We accordingly vacate in part the district court's dismissal of SBKC's claims against him for lack of personal jurisdiction. SBKC's additional arguments predicated on the application of Kansas law to the deficiency issue are also moot.

AFFIRMED IN PART and VACATED IN PART.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge