284 P.3d 877

**MIDFIRST BANK, Plaintiff/Appellee,**

v.

**Mike CHASE and Linda Chase, husband and wife, Defendants/Appellants.**

**No. 1 CA–CV 11–0013.**

Court of Appeals of Arizona, Division 1, Department D.

July 31, 2012.

Lewis and Roca LLP By Brent C. Gardner, Marvin C. Ruth, Phoenix, Attorneys for Plaintiff/Appellee.

Lang Baker & Klain, PLC By Kent A. Lang, George H. King, Jo Schumacher, Scottsdale, Attorneys for Defendant/Appellant.

## OPINION

THOMPSON, Judge.

¶ 1 Appellants Mike and Linda Chase (collectively, the Chases) appeal the trial court's order entering summary judgment in favor of MidFirst Bank (MidFirst) on its action for a deficiency judgment. Because MidFirst was not entitled to judgment as a matter of law, we reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 In 2007, MidFirst[1] loaned Palo Desert, LLC the principal sum of $1,620,000. Palo Desert agreed to repay the loan, including outstanding principal and all accrued unpaid interest, by June 22, 2008.[2] The loan was evidenced by a promissory note, which was secured by a deed of trust on the property.

As additional security, the Chases executed separate unconditional guaranties for the repayment of the loan. In the guaranties, the Chases agreed to pay all of MidFirst's costs and expenses, including attorneys' fees and legal expenses, incurred in connection with the enforcement of the guaranties.

¶ 3 Palo Desert defaulted on the loan, and the Chases failed to satisfy their obligation as guarantors. MidFirst sent notices of default to Palo Desert and the Chases demanding immediate payment. Neither Palo Desert nor the Chases remitted any payment. MidFirst filed suit against Palo Desert and the Chases for breach of contract and breach of guaranty in December 2008. The principal on the loan then equaled $1,449,330.74, plus an additional $152,243.54 in interest and late charges.

¶ 4 After MidFirst filed its lawsuit, Palo Desert filed for bankruptcy protection. MidFirst obtained an order lifting the automatic stay in the bankruptcy, and a trustee's sale was held in March 2010. MidFirst purchased the property at the trustee's sale for a credit bid[3] of $486,000. MidFirst then moved for summary judgment against the Chases, seeking a deficiency judgment of $1,325,044.09. The Chases argued that there was no deficiency because the "value of the Property far exceeds anything that could be owed on the Loan." The trial court granted MidFirst's motion, finding that no genuine issue of material fact existed as to the fair market value of the property. The court stated that the Chases' "contention that the property is worth more than the credit bid is purely speculative, has no foundation, and is based on a date far in the future, not as of the date of the trustee sale. No reasonable juror could find for [the Chases] on the issue of fair market value based upon the record presented herein." The trial court also granted MidFirst's request for attorneys' fees of $80,550.91.

---

1. The loan documents and guaranties were entered into by Community Bank of Arizona. MidFirst purchased the loan at issue and is entitled to enforce all rights and claims of the lender. For ease in this decision, "MidFirst" refers to both MidFirst and its predecessors in interest.

2. The maturity date was later extended to September 14, 2008.

3. A credit bid is a bid made by the beneficiary in full or partial satisfaction of the contract secured by the trust deed. Ariz.Rev.Stat. (A.R.S.) § 33–801(5) (2007).

¶ 5 The Chases timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) section 12–2101(A)(1) (Supp.2011).

## DISCUSSION

■ ¶ 6 The Chases contend, inter alia, that the amount realized at a trustee's sale does not fairly indicate the fair market value of the property conveyed, and that summary judgment granted to MidFirst solely on the basis of the credit bid was inappropriate. We review a trial court's grant of summary judgment de novo, viewing all evidence and reasonable inferences in the light most favorable to the Chases as the party opposing summary judgment. *Hourani v. Benson Hosp.,* 211 Ariz. 427, 432, ¶ 13, 122 P.3d 6, 11 (App.2005). "A motion for summary judgment should only be granted if 'there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting Ariz. R. Civ. P. 56(c)). Thus, the movant has the burden of proving both the absence of a genuine issue of material fact as to each element of its claim, and that it is entitled to judgment as a matter of law. *Nat'l Hous. Indus., Inc. v. E.L. Jones Dev. Co.,* 118 Ariz. 374, 377, 576 P.2d 1374, 1377 (App.1978). The movant's duty must be met before the party opposing the motion must come forward with evidence to establish disputed material facts. *Flynn v. Lindenfield,* 6 Ariz.App. 459, 461, 433 P.2d 639, 641 (1967).

■ ¶ 7 In Arizona, deficiency judgments are governed by A.R.S. § 33–814(A) (2007), which states:

[T]he deficiency judgment shall be for an amount equal to the sum of the total amount owed the beneficiary as of the date of the sale, as determined by the court less the fair market value of the trust property on the date of the sale as determined by the court or the sale price at the trustee's sale, whichever is higher.

The primary purpose of the statute is to "prohibit a creditor from seeking a windfall by buying property at a trustee's sale for less than fair market value." *First Interstate Bank of Ariz., N.A. v. Tatum & Bell Ctr. Assoc.,* 170 Ariz. 99, 103, 821 P.2d 1384, 1388 (App.1991). Because of the nature of a trustee's sale, the statute does not contemplate that the purchase price will necessarily reflect the fair market value of the property. *Dewey v. Arnold,* 159 Ariz. 65, 70, 764 P.2d 1124, 1129 (App.1988). For this reason, the statute requires a determination by the court of the fair market value before a deficiency judgment may be awarded. A.R.S. § 33–814(A). The court is directed then to subtract from the amount owed the higher of the sales price or the fair market value. Section 33–814(A) defines fair market value as:

[T]he most probable price, as of the date of the execution sale … after deduction of prior liens and encumbrances with interest to the date of sale, for which the real property or interest therein would sell after reasonable exposure in the market under conditions requisite to fair sale, with the buyer and seller each acting prudently, knowledgeably and for self-interest, and assuming that neither is under duress.

Our courts have similarly explained the term. *See TCC Enters. v. Estate of Erny,* 149 Ariz. 257, 258, 717 P.2d 936, 937 (App.1986) (fair market value is "that price a desirous but unobligated purchaser would pay a desirous but unobligated seller after consideration of all uses to which the property is adapted and for which it is capable of being used"); *Honeywell Info. Sys., Inc. v. Maricopa Cnty.,* 118 Ariz. 171, 174, 575 P.2d 801, 804 (App. 1977) (fair market value is "what the property would sell for between a willing buyer and a willing seller in an arms-length transaction"). The common requirement of a transaction free of compulsion led this court to hold that "absent the requisite foundation showing that the sale was made willingly, without coercion or compulsion, the purchase price at a trustee's sale would not be admissible as evidence of the fair market value of the property." *Dewey,* 159 Ariz. at 70, 764 P.2d at 1129.

¶ 8 As the moving party, MidFirst bore the burden to show it is entitled to judgment as a matter of law. In support of its motion for summary judgment, MidFirst cited only to its credit bid of $486,000. At the hearing,

MidFirst did not present evidence that the sale price equaled the fair market value, but merely asserted that it had "put forth unchallenged evidence as to what we're owed based on the credit bid." However, the credit bid was inadmissible as evidence of the fair market value of the property as it did not reflect a sale "after reasonable exposure in the market under conditions requisite to a fair sale." [4] A.R.S. § 33–814(A); *see also Dewey*, 159 Ariz. at 70, 764 P.2d at 1129. MidFirst did not present facts or evidence of the fair market value of the property.

¶ 9 Therefore, because the Chases were entitled to a determination of the fair market value of the property, we hold that the trial court erred in finding that MidFirst was entitled to judgment as a matter of law as to its entitlement to a deficiency judgment in the amount sought in its summary judgment motion. Section 33–814(A) requires that a deficiency judgment equal the amount owed minus either the fair market value of the property on the date of the sale or the sale price, whichever is higher. MidFirst only presented evidence of the credit bid, and no evidence as to the value of the property. On these facts, summary judgment was improper.

¶ 10 The Chases also assert that the trial court abused its discretion in awarding approximately $80,500 in attorneys' fees. Because we find that the trial court erred in granting summary judgment to MidFirst, we cannot say at this point who will ultimately be the prevailing party. Therefore, we also reverse the attorneys' fees award.

## CONCLUSION

¶ 11 For the foregoing reasons, we reverse the award of summary judgment and attorneys' fees to MidFirst and remand for further proceedings. As neither party has yet prevailed in this action, we decline to make any award of attorneys' fees.

CONCURRING: MICHAEL J. BROWN, Acting Presiding Judge and ANN A. SCOTT TIMMER, Judge.

---

4. MidFirst argued in its reply in support of its motion for summary judgment that the Chases were estopped from asserting that the property was worth more than the indebtedness because Palo Desert stated in its bankruptcy schedules that the property was worth $560,000. The trial court did not consider this argument. Rule 7.1(a), Arizona Rules of Civil Procedure, requires that a reply "be directed only to matters raised in the answering memorandum," and trial courts can deem waived arguments not raised in the original motion. *Mohave Elec. Coop., Inc. v. Byers*, 189 Ariz. 292, 301 n. 2, 942 P.2d 451, 460 n. 2 (App.1997) (argument not raised until reply memorandum on summary judgment not considered by trial court); *cf. Westin Tucson Hotel Co. v. Ariz. Dep't of Revenue*, 188 Ariz. 360, 364, 936 P.2d 183, 187 (App.1997) (arguments raised for first time in trial court reply memorandum deemed waived on appeal). We therefore do not consider this argument on appeal. We also do not reach the Chases' argument that they raised an issue of material fact by offering their opinion as to the value of the property.