NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

ELIZABETH ERENE EVERS, *Petitioner/Appellee*,

*v.*

KERRY WILLIAMS ROSE, *Respondent/Appellant*.

No. 1 CA-CV 16-0122 FC
FILED 3-16-2017

Appeal from the Superior Court in Maricopa County
No. FN2012-004778
The Honorable Michael J. Harrod, Judge

**AFFIRMED**

COUNSEL

Dickinson Wright PLLC, Phoenix
By Dana M. Levy, Anne L. Tiffen
*Counsel for Petitioner/Appellee*

Rose Law Group PC, Scottsdale
By Kelly Mendoza, Lauren Nageotte
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

---

**J O N E S**, Judge:

¶1          Kerry Rose (Husband) appeals the family court's orders: (1) denying his motion for relief from a decree of legal separation; and (2) awarding Elizabeth Evers (Wife) attorneys' fees.  For the following reasons, we affirm.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2          Wife petitioned for legal separation in November 2012.  In February 2015, the parties stipulated to appoint a Judge *Pro Tempore* to conduct a private mediation.  The parties attended the mediation, reached a settlement as to all issues, and executed a binding, written agreement reflecting the terms of the settlement pursuant to Arizona Rule of Family Law Procedure (ARFLP) 69 (the Agreement).  Pursuant to the Agreement, Husband was awarded the marital residence, but, if he decided to sell the residence while the parties were still married, "Wife w[ould] cooperate to afford Husband the use of her $250,000 [tax] exemption (however, she d[id] not guarantee that he w[ould] be able to use it)."  Moreover, Husband would be responsible for all tax liabilities resulting from a sale of the residence.  The Agreement also established that "[e]ach party believes the division of property and obligations is not unfair," but provided that, "[i]n the event of a dispute concerning a term of settlement or the memorialization of those terms," such dispute must be submitted for arbitration to the parties' mediator.

¶3          In April 2015, Husband objected to Wife's notice of lodging a decree of legal separation and moved to extend the time for submitting the decree.  Husband explained he was having a tax attorney review the

---

[1]    We view the facts in the light most favorable to sustaining the family court's ruling.  *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 522 n.1, ¶ 1 (App. 2007) (citing *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005)).

Agreement, specifically whether the language regarding Wife's ability to extend the use of her $250,000 tax exemption would need to be revised.

¶4　　　　The family court granted Husband's motion for extension but adopted a schedule that the parties' mediator, under his contractual arbitration authority, had already established for handling disputes regarding the Agreement's terms. Pursuant to the mediator's schedule: (1) Husband's tax attorney was to deliver an opinion letter on the tax issue to Wife by May 26, 2015; (2) Wife had until June 5, 2015, to respond; and (3) a hearing was scheduled for June 11, 2015, to make corrections and finalize the settlement documents.

¶5　　　　After timely receiving the opinion letter from his tax attorney, Husband reported that entry of a separation decree would preclude the parties from filing joint tax returns, as would be necessary for Husband to use Wife's tax exemption. Husband requested the parties delay submitting the Agreement and entering the separation decree until 2017. The parties' mediator, now serving as arbitrator, determined that "[w]hile the parties did anticipate filing joint tax returns in their Rule 69 Agreement, there was no mandate that it be done." Moreover, the mediator-arbitrator interpreted the terms of the Agreement to preclude it from being signed and then retained. Because Wife made no assurances that Husband would be able to use the tax exemption, the mediator-arbitrator overruled Husband's request that the family court wait until 2017 to enter the separation decree.

¶6　　　　Thereafter, the family court entered a decree of legal separation that contained virtually the same language regarding Wife's tax exemption as that found in the Agreement. Husband then filed a motion for relief from the decree. Husband argued that, under ARFLP 85(C), either Wife had fraudulently misrepresented her ability to permit Husband to use her tax exemption, or the Agreement was so inequitable and unfair as to justify releasing Husband from it. The court denied both of Husband's motions and awarded Wife attorneys' fees.

¶7　　　　Husband timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1)[2] and -2101(A)(2).

---

[2]　　　　Absent material changes from the relevant date, we cite a statute's current version.

## DISCUSSION

### I. Wife Did Not Fraudulently Induce Husband to Enter into the Agreement, and the Agreement was Not Overtly Inequitable.

¶8 In legal separation proceedings, the parties may enter into an enforceable separation agreement if the agreement is executed in the absence of fraud or undue influence. *Breitbart-Napp v. Napp*, 216 Ariz. 74, 79, ¶ 14 (App. 2007) (citing *Keller v. Keller*, 137 Ariz. 447, 448 (App. 1983)). Moreover, separation agreements are binding upon the court unless it finds the agreement unfair. A.R.S. § 25-317(B); *see also Breitbart-Napp*, 216 Ariz. at 79, ¶ 14 (citations omitted). Once the court approves the separation agreement and its terms are set forth within a decree of legal separation, *see* A.R.S. § 25-317(D), "[t]he provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state," A.R.S. § 25-327(A). The reopening of a judgment is governed by Arizona Rule of Civil Procedure 60, *see Breitbart-Napp*, 216 Ariz. at 79-80, ¶ 16, which, in turn, provides the basis for ARFLP 85, ARFLP 85 cmt.; *see also* ARFLP 2(A); *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). Accordingly, Husband's challenges to the decree of legal separation must be based upon ARFLP 85.

¶9 Husband first argues the family court erred by denying him relief under ARFLP 85(C)(1)(c) because Wife fraudulently induced Husband to enter into the Agreement.[3] We review the court's denial of a motion for relief from judgment for an abuse of discretion. *Duckstein*, 230 Ariz. at 231, ¶ 8 (citing *Staffco, Inc. v. Maricopa Trading Co.*, 122 Ariz. 353, 356 (1979)). "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without

---

[3] Husband also argues on appeal that the Agreement and corresponding decree of separation should be rescinded on the basis of lack of mutual assent. However, this argument was not adequately raised prior to Husband's reply to Wife's response to the motion for relief. Arizona Rule of Civil Procedure 7.1(a)(3) requires reply memoranda to only address "those matters raised in the responsive memorandum." Because Husband did not raise this argument in his Rule 85 motion for relief from the family court's separation decree, it is waived on appeal. *See Midfirst Bank v. Chase*, 230 Ariz. 366, 369 n.4, ¶ 8 (App. 2012) (citing *Mohave Elec. Coop. v. Byers*, 189 Ariz. 292, 301 n.2 (App. 1997), and *Westin Tucson Hotel Co. v. Ariz. Dep't of Revenue*, 188 Ariz. 360, 364 (App. 1997)).

considering the evidence, it commits some other substantial error of law, or 'the record fails to provide the substantial evidence to support the trial court's finding.'" *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007) (quoting *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 456 (1982)).

**¶10**　　　　Under ARFLP 85(C)(1)(c), "the court may relieve a party . . . from a final judgment, order or proceeding for . . . fraud, misrepresentation, or other misconduct of an adverse party." Fraud can generally be viewed "as a misrepresentation as to the status of the law or as a misrepresentation of the facts to be applied." *State ex rel. Corbin v. United Energy Corp. of Am.*, 151 Ariz. 45, 53 (App. 1986) (citing *Echols v. Beauty Built Homes, Inc.*, 132 Ariz. 498, 500 (1982)).

**¶11**　　　　Husband alleges Wife led him "to believe that by entering into the Agreement and agreeing to take on a significant amount of tax liability, he would be afforded the benefit of Wife's $250,000 tax exemption upon sale of the marital residence." But the parties' separation agreement and corresponding decree explicitly stated that Wife *did not* guarantee Husband the ability to use her tax exemption. *See supra* ¶ 2. The parties' mediator also recognized that, in regard to the tax exemption, "Wife would do whatever [wa]s reasonably requested of her, however, she [wa]s not representing or putting forth any assurances that anything could happen to benefit [Husband]." Furthermore, both Wife and Wife's counsel at the mediation averred they *did not* counsel or induce Husband, who was also represented at the mediation, to rely upon Wife's ability to extend Husband her $250,000 tax exemption. Wife's counsel even went so far as to declare she had not researched, prior to the mediation, whether a legally separated couple could file a joint tax return.

**¶12**　　　　The record is devoid of evidence of Wife or Wife's counsel misrepresenting either law or fact as relevant to the parties' mediation and resulting Agreement. Instead, the record shows Husband, represented by counsel, executed the Agreement and afterward sought legal advice on certain tax provisions to which he was already bound. He did not condition his assent upon receiving that advice and ensuring his use of Wife's tax exemption. The family court, therefore, did not abuse its discretion by denying Husband relief under ARFLP 85(C)(1)(c).

**¶13**　　　　Husband next argues the Agreement and separation decree should have been set aside under ARFLP 85(C)(1)(f) because they set forth "an unfair and inequitable distribution of property." ARFLP 85(C)(1)(f), the family law corollary to Arizona Rule of Civil Procedure 60(b)(6),

permits a court to relieve a party from a judgment for "any other reason justifying relief from the operation of the judgment." ARFLP 85(C)(1)(f) may be applied when relief is not available under other subsections of ARFLP 85(C)(1) and the movant can show *extraordinary* hardship or injustice resulting from an unfair and inequitable court order. *See Rogone v. Correia*, 236 Ariz. 43, 48, ¶ 12 (App. 2014) (citing *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 220 (App. 2000)); *Birt v. Birt*, 208 Ariz. 546, 552, ¶ 22 (App. 2004) (citing *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 164 (App. 1993)).

**¶14** Husband contends that, because he assumed all tax liabilities in the Agreement, his subsequent inability to offset those liabilities through the use of Wife's tax exemption resulted in an inequitable separation decree. But Husband admits he freely and voluntarily entered into the Agreement, which, as previously mentioned, specifically disclaimed any guarantee by Wife that she would be able to permit Husband to use her tax exemption. The parties to an agreement have the power to determine contractual terms, particularly where they are represented and have relatively equal bargaining power, *see Swanson v. Image Bank, Inc.*, 206 Ariz. 264, 267-68, ¶ 12 (2003) (citation omitted), and "[c]ourts should not assume an overly paternalistic attitude toward the parties to a contract by relieving one or another of them of the consequences of what is at worst a bad bargain," *Nelson v. Rice*, 198 Ariz. 563, 568, ¶ 15 (App. 2000) (quoting *Pac. Am. Leasing*, 152 Ariz. 96, 103 (App. 1986) (citations omitted); *cf. Keg Rests. Ariz., Inc. v. Jones*, 240 Ariz. 64, 76, ¶ 43 (App. 2016) ("[Contractual] consideration need not be of like or identical value, and the court will not inquire into the adequacy of consideration.") (quoting *Nickerson v. Green Valley Recreation, Inc.*, 228 Ariz. 309, 321, ¶ 29 (App. 2011)).

**¶15** In hindsight, the Agreement may have been a bad bargain for Husband, but he entered into that bargain while fully aware that Wife had not guaranteed she could convey the tax exemption and, more importantly, that he did not know whether she could convey the tax exemption. Indeed, Husband did not condition his acceptance of the Agreement on receiving legal advice and confirmation that he could take advantage of the exemption. The family court did not abuse its discretion by approving the Agreement and implicitly finding it to be fair.

## II. The Family Court Did Not Abuse Its Discretion by Awarding Wife Attorneys' Fees.

**¶16** Husband also argues the family court erred in granting Wife attorneys' fees. Pursuant to A.R.S. § 25-324(A):

[A]fter considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, [the court] may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any [dissolution of marriage] proceeding.

Moreover, if the court determines a party filed a petition not grounded in fact or based on law, the court must award reasonable costs and attorneys' fees to the other party. A.R.S. § 25-324(B)(2). This Court reviews the family court's award of attorneys' fees for an abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36 (App. 2011) (citing *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983)).

¶17        Here, the family court found: (1) a substantial financial disparity between the parties; (2) Husband took an unreasonable legal position; and (3) Husband's motion for relief from the separation decree was not grounded in fact or based on law. Either one of the first two findings would have been sufficient for a discretionary award of fees, *see Mangan v. Mangan*, 227 Ariz. 346, 353 n.13, ¶ 27 (App. 2011) (citing *Magee v. Magee,* 206 Ariz. 589, 591 n.1, ¶ 8 (App. 2004)), and the court was required to award Wife attorneys' fees once it found Husband's motion for relief was not grounded in fact or based on law. Although Husband is correct when he states that A.R.S. § 25-324 does not establish a prevailing party standard, *see Breitbart-Napp*, 216 Ariz. at 84, ¶ 39 (citation omitted), Husband's motion for relief contained only conclusory assertions of Wife's fraudulent misrepresentations, asserted an untenable position not supported by the specifically articulated language of the Agreement to which he objected, and proffered no legal basis to support rescission of the Agreement on equitable grounds. Accordingly, the court did not abuse its discretion by awarding Wife attorneys' fees.

## CONCLUSION

¶18        The family court's order denying Husband's motion for relief from the separation decree is affirmed, as is the court's order awarding Wife attorneys' fees.

¶19        Both parties request attorneys' fees on appeal pursuant to A.R.S. § 25-324. Because Husband's arguments are virtually unchanged relative to those presented to the family court, and, as addressed above, we support the trial court's awarding of fees, we likewise find on appeal he has taken an unsupported legal position such that we award Wife her

reasonable costs and attorneys' fees under A.R.S. § 25-324(B)(2), contingent upon her compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA