NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TIMOTHY R. WRIGHT, *Plaintiff/Appellee,*

*v.*

PANDORA HOLDINGS LLC, et al., *Defendants/Appellants.*

No. 1 CA-CV 21-0203
FILED 3-3-2022

Appeal from the Superior Court in Maricopa County
No. CV2013-015412
The Honorable Susan G. White, Judge *Pro Tempore* (Retired)

**AFFIRMED**

COUNSEL

Dorsey & Whitney LLP, Phoenix
By Isaac M. Gabriel
*Counsel for Plaintiff/Appellee*

Law Office of Timothy M. Collier, PLLC, Scottsdale
By Timothy M. Collier, William A. Weber
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C R U Z**, Judge:

¶1            Ahmad Wali Mailatyar ("Mailatyar"), his wife Edyta Mailatyar, and Pandora Holdings LLC (collectively, "Judgment Debtors") appeal the superior court's order denying their motion to compel satisfaction of a judgment entered against them in 2017 in favor of Timothy R. Wright.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2            In 2013, Wright filed a complaint in superior court alleging that Mailatyar, while working as Wright's accountant, took title to three of Wright's rental properties and breached an agreement to re-convey the properties to Wright.  After a trial, the court entered judgment in favor of Wright, quieting title to the three properties and awarding damages and attorneys' fees and costs in the amount of $262,295.26 plus interest.

¶3            Wright proceeded with enforcing the judgment against Judgment Debtors with multiple writs of garnishment and execution.  In 2018, the sheriff's office held a sale of Judgment Debtors' property in New River ("New River property").  It was sold to Wright for a judgment credit bid of $50,000, subject to senior liens.  The $50,000 was credited against the judgment indebtedness.  Judgment Debtors then redeemed the New River Property by paying $50,000 pursuant to Arizona Revised Statutes ("A.R.S.") § 12-1282.

¶4            Wright executed on the New River Property again in 2019, and at a sheriff's sale, it was sold to him for a credit bid of $75,000, subject to senior liens and encumbrances, including a $231,601.11 deed of trust.  Judgment Debtors were credited $75,000 against the judgment indebtedness, but they did not redeem the New River Property.

¶5            Also in 2019, Wright executed on Judgment Debtors' property in Scottsdale ("Scottsdale property").  At a sheriff's sale, the Scottsdale property was sold to Wright for a credit bid of $88,000, subject to senior liens and encumbrances, including a $391,646.59 deed of trust.  Judgment

2

Debtors were credited $88,000 against the judgment indebtedness and did not redeem.

**¶6**　　　　Less than two months after each of the 2019 sheriff's sales, and during the applicable redemption periods, Wright assigned his sheriff's certificates upon sale for the properties to Casa Calasa, LLC. After the assignments, Wright retained no interest in the two properties, and when the redemption periods expired, the sheriff's deeds to both properties issued to Casa Calasa, LLC. Wright did not receive any proceeds when the properties were sold by Casa Calasa, LLC, in the fall of 2020.

**¶7**　　　　In 2020, Judgment Debtors filed a motion to compel satisfaction of the judgment, or in the alternative, to set aside the sheriff's sales. After briefing, the superior court denied the motion. In February 2021, the court entered its judgment and awarded Wright attorneys' fees and costs. Judgment Debtors filed a notice of appeal from the February 2021 judgment in March 2021. In April 2021, Judgment Debtors filed a motion to set aside the judgment and for reconsideration in the superior court. They withdrew their motion for reconsideration, and in May 2021 filed an amended motion to set aside the judgment. The superior court denied the motion to set aside the judgment. Judgment Debtors did not file a notice of appeal from that ruling or amend their notice of appeal.

**¶8**　　　　We have jurisdiction over Judgment Debtors' appeal from the February 2021 judgment pursuant to A.R.S. § 12-2101(A)(2).

**DISCUSSION**

I.　　Jurisdiction

**¶9**　　　　As a preliminary matter, Wright argues that we lack jurisdiction over this appeal because Judgment Debtors' notice of appeal states that the appeal relates only to the superior court's February 2021 judgment, which awarded Wright attorneys' fees and costs. We consider the February 2021 judgment to be the final order in the post-judgment proceedings encompassing the court's previous December 2020 under advisement ruling. *Cf.* A.R.S. § 12-2102(A). The February 2021 judgment references the December 2020 ruling, which is in the form of an unsigned minute entry and was not appealable. *See* Arizona Rule of Civil Procedure ("Rule") 58(b)(1). Thus, we have jurisdiction over Judgment Debtors' appeal from the February 2021 judgment encompassing the December 2020 ruling pursuant to A.R.S. § 12-2101(A)(2).

**¶10** We do not, however, have jurisdiction to consider the superior court's ruling on Judgment Debtors' Rule 60(b) motion to set aside the judgment. *See China Doll Rest., Inc. v. Schweiger*, 119 Ariz. 315, 316-17 (App. 1978) (Court of Appeals acquires no jurisdiction to determine the propriety of the superior court's action when the action occurs after the notice of appeal was filed). The superior court's signed judgment encompassing its June 2021 minute entry ruling on the motion to set aside was entered in July 2021, after Judgment Debtors filed their notice of appeal. And, as Judgment Debtors acknowledge in their reply brief, they did not amend their notice of appeal or file another notice of appeal regarding that ruling. To the extent Judgment Debtors make arguments relating to that ruling we do not consider them.

II.     Satisfaction of Judgment

**¶11** The issue properly before this court is whether the superior court abused its discretion by denying Judgment Debtors' motion to compel satisfaction of the judgment or in the alternative, to set aside the sheriff's sales. We review the superior court's denial of a motion to compel satisfaction of a judgment for an abuse of discretion. *Bingman v. City of Dillingham*, 376 P.3d 1245, 1247 (Alaska 2016); *cf. Flores v. Huppenthal*, 789 F.3d 994, 1000-01 (9th Cir. 2015) (abuse of discretion standard of review applies to district court's decision whether to relieve a party from final judgment if the judgment has been satisfied pursuant to Fed. R. Civ. P. 60(b)(5)). "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law," or its findings are not supported by substantial evidence. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007).

**¶12** After a judgment has been satisfied in full, "[t]he prevailing party shall file a satisfaction of judgment in the superior court within forty days . . . ." A.R.S. § 12-1567(A). If the prevailing party fails to do so, "the opposing party may file a motion to compel satisfaction of the judgment." A.R.S. § 12-1567(B). The opposing party "shall include with the motion to compel satisfaction of the judgment an affidavit that evidences proof of payment." *Id.* The superior court "*may* hold a hearing on the motion to compel satisfaction of the judgment." A.R.S. § 12-1567(C) (emphasis added).

**¶13** "A satisfaction of judgment is the discharge of an obligation by payment of the amount due . . . ." *W.F. Conelly Constr. Co. v. L. Harvey Concrete, Inc.*, 162 Ariz. 574, 576 (App. 1989). Judgment debtors bear the

burden of demonstrating full satisfaction of the damages they owed. *Brown v. Valley Nat'l Bank of Ariz.*, 26 Ariz. App. 538, 541 (1976).

¶14 Judgment Debtors argue they were entitled to "fair market value credit" towards the judgment rather than credit for the amount of Wright's credit bids at the sheriff's sales.

¶15 The superior court found that Judgment Debtors failed to meet their burden of demonstrating full satisfaction of the damages they owed under the judgment because (1) they failed to file with the court the affidavit required by A.R.S. § 12-1567(B), and (2) "the basis provided to calculate Judgment Debtors' claim in [their] motion is flawed both in law and in fact." The court rejected Judgment Debtors' argument that Wright was required to credit them with the equitable value of the property sold to him at the sheriff's sales rather than with the actual amount of his credit bids, noting that "Judgment Debtors' method of calculation to include 'equity' value is set forth with scant to no basis in applicable law to support their claim."

¶16 Judgment Debtors cite A.R.S. § 33-814(A) and *MidFirst Bank v. Chase*, 230 Ariz. 366 (App. 2012) in support of their argument. Section 33-814(A) is inapplicable. It concerns deficiency judgments after the foreclosure of property under a deed of trust (property sold at a trustee's sale), not property sold at a sheriff's sale pursuant to a writ of execution. *See* A.R.S. § 33-814(A) ("[W]ithin ninety days after the date of sale of trust property under a trust deed pursuant to § 33-807, an action may be maintained to recover a deficiency judgment against any person . . . liable on the contract for which the trust deed was given as security . . . ."). Likewise, *MidFirst Bank* is inapposite. In *MidFirst Bank*, we held that, by its terms, A.R.S. § 33-814(A) requires the superior court to determine the fair market value of property before a deficiency judgment may be awarded after a trustee's sale. 230 Ariz. at 368, ¶ 7.

¶17 Judgment Debtors have shown no abuse of discretion. They provide no legal support for the proposition that Arizona law provides "fair market value" protection as to property sold at a sheriff's sale under a writ of execution. Arizona law provides no such protection. *See* Title 12, Article 3, "Execution of Judgments," A.R.S. §§ 12-1551 to -1567. Only judgment debtors "against whom a judgment has been entered pursuant to § 33-725 (foreclosure of a mortgage or deed of trust) or 33-814 (deficiency actions after foreclosure on property under deed of trust) may, not later than thirty days after sale of real property," apply to the superior court for a determination of the fair market value of property. A.R.S. § 12-1566(C).

Nor did Judgment Debtors provide the affidavit required by A.R.S. § 12-1567(B). The superior court properly denied Judgment Debtors' motion to compel satisfaction of judgment because they failed to meet their burden under A.R.S. § 12-1567.

III.     Sheriff's Sales

**¶18**        Judgment Debtors next argue the sheriff's sales should be set aside because the properties were sold at a "grossly inadequate price, in tandem with [Wright]'s irregular conduct." According to Judgment Debtors, Wright "was able to secure a profit that well exceeded the value of the judgment from two sales of properties he received from [Judgment Debtors], yet the judgment remains unsatisfied."

**¶19**        The superior court may set aside a sheriff's sale if "the purchase price received at the sheriff's sale [was] so inadequate as to shock the conscience of the court," or if the price is merely inadequate but other "additional circumstances or matters of equity" justify setting aside the sale. *Mason v. Wilson*, 116 Ariz. 255, 257 (App. 1977). "It is the general policy of the law to sustain judicial and execution sales whenever it can be done without violating principle or doing injustice." *Young Mines Co. v. Sevringhaus*, 38 Ariz. 160, 164 (1931). A motion to set aside a sheriff's sale is left to the sound discretion of the superior court, and we review the superior court's decision whether to set aside the sale for an abuse of discretion. *Johnson v. Jefferson Standard Life Ins. Co.*, 5 Ariz. App. 587, 588-89 (1967).

**¶20**        Here, Judgment Debtors waited for more than a year to challenge any aspect of the second sheriff's sale of the New River Property, and waited nearly a year to raise concerns about the sheriff's sale of the Scottsdale property. Wright's credit bids for the New River property were $50,000 and $75,000. His credit bid for the Scottsdale property was $88,000. Both properties had substantial liens against them at the time of the sheriff's sales—the New River property was encumbered by a $231,601.11 deed of trust and the Scottsdale property was encumbered by a $391,646.59 deed of trust. Moreover, there is no evidence in the record that Wright profited substantially or received any proceeds when the properties were sold. We find no abuse of discretion.

IV.     Attorneys' Fees

**¶21**        Wright requests attorneys' fees and costs pursuant to A.R.S. §§ 12-341.01, -349. As the prevailing party, Wright is entitled to costs and

in our discretion, we award him reasonable attorneys' fees upon compliance with ARCAP 21.

## CONCLUSION

¶22        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA